# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT THE JANUARY TERM, 1871.

———•◦•———

## EX PARTE RAY & DEFOE.

[APPLICATION FOR MANDAMUS.]

1. *Habeas corpus; when judge of probate has no jurisdiction to issue.*—A probate judge has no jurisdiction to issue a writ of *habeas corpus* on the petition of a party who is confined in the county jail, after an indictment for murder is found against him, for the purpose of admitting such party to bail.

2. *Section 4264 of Revised Code construed.*—Section 4264 of the Revised Code authorizes the probate judges of their respective counties, before conviction, to admit to bail on writs of *habeas corpus* in all cases of felony, except felonies which may be punished with death or by imprisonment in the penitentiary for life, where the person is confined in the county jail on a charge of felony, or under a commitment for felony by a chancellor, or a judge of the circuit or a city court acting as a conservator of the peace or magistrate. If the person is confined in the penitentiary, or is confined under a sentence, judgment, decree or order of the supreme, chancery, circuit or city court, then the probate judges have no jurisdiction in the premises.

3. *What constitutes order of court.*—Where a person is indicted for a felony, and arrested on a *capias* or other writ of arrest on said indictment and imprisoned in the county jail,—*held*, that he is confined under the order of the court in which the indictment was found, and can not be bailed by a probate judge.

4. *Prohibition, writ of; power of circuit judge in relation to, in vacation.* A judge of the circuit court, in vacation, has no authority to issue a writ of *prohibition;* but, if the necessity of the case requires it, may issue a rule to show cause returnable to the next term of the court, which rule being served on the inferior court, or judge, and the parties to be affected by it, operates as a prohibition until the further order of the court.

This was an original application to the supreme court for *mandamus*.

The petition shows the following state of facts : The petitioners, Ray & Defoe, having been indicted for murder at the fall term of the circuit court of Limestone, were arrested on a *capias* issued by the clerk of said court and committed to the county jail. They then petitioned the probate judge of the county for a writ of *habeas corpus* to discharge or admit them to bail, as the evidence required. The probate judge granted the writ, and on the day set for the hearing the sheriff, in obedience to the writ, having produced the bodies of the petitioners in court, the solicitor appeared on behalf of the State and "demurred to the petition and to the jurisdiction of the probate judge to hear and determine the same," but the demurrer was overruled, and the further hearing of the petition was adjourned to the 23d of January, 1871. On the 20th January, 1871, "W. N. Hayes, as solicitor, and W. H. Lentz, as sheriff," in a sworn petition, setting forth the facts substantially as above, prayed the judge of the fourth judicial circuit for a writ of *prohibition*, restraining the probate judge from hearing and determining the application of Ray & Defoe for bail, &c. The circuit judge, thereupon, on the 23d day of January, 1871, in vacation granted an order for the writ of prohibition as prayed for, and the same was duly issued by the clerk of the circuit court of Limestone and served on the probate judge. Ray & Defoe had no notice of the application for, or issuing of the writ of prohibition, nor notice to answer said petition for the writ, or to show cause why the prayer should not be granted. No rule *nisi* was issued, but the prohibition was made final in the first instance.

Ray & Defoe now petition this court for the writ of *mandamus* to be directed to the Hon. James Clark, judge of the fourth judicial circuit, commanding him to vacate the order granting the writ of prohibition, and to allow the probate judge to hear and determine said petition for bail, a motion before the circuit judge to dissolve said writ of prohibition having been overruled.

WALKER & JONES, for petitioners.
JOHN W. A. SANFORD, Attorney-General, *contra.*

[The briefs did not come into the Reporter's hands.]

PECK, C. J.—The most important question made on this application is, has a probate judge jurisdiction to issue a writ of *habeas corpus,* on the petition of a party who is confined in the common jail of the county, after an indictment for murder is found against him, for the purpose of admitting him to bail?

This question, as we think, depends upon the meaning and interpretation of section 4264 of the Revised Code, which is in the following words, to-wit: " Where the person is confined in the county jail, or in any other place, on a charge of felony, or under a commitment for felony, the petition must be addressed to the judge of the city court, or to the nearest circuit judge or chancellor; or to the probate judge of the county where the person is confined; and, when the person is confined in the penitentiary, or under a sentence, judgment, decree, or order of the supreme court, the chancery court, the circuit court, or the city court, the petition must be addressed to the judge of the city court, or to the nearest circuit judge or chancellor; in all other cases it may be addressed to any one of them, or to the probate judge of the county; and, when the person is confined in any other place, than the county jail or the penitentiary, and on any other than a criminal charge, it may be addressed to any justice of the peace of the county, or to the probate judge thereof." This section was copied into the Revised Code, from the act of the 15th February, 1867, (Pamphlet Acts, p. 439,) and is entitled " An act to amend section 713 of the Penal Code of Alabama, so as to authorize probate judges to admit to bail, on writs of *habeas corpus,* in cases of felony, before conviction." If we look to the title of this act alone, it might seem that the legislature intended to authorize probate judges to admit to bail, on writs of *habeas corpus,* in all cases of felony *before conviction.* But we are satisfied this was not the intention of the legislature. To give the act this interpreta-

tion, would be to create a conflict between it and the 15th section of the bill of rights, which declares: "That all persons shall, *before conviction*, be bailable, by sufficient sureties, except for capital offenses, when the proof is evident, or the presumption great." It would also, substantially, repeal sections 4234 and 4240 of the Revised Code. This, if it can be reasonably done, should be avoided. These two sections are, no doubt, to some extent, modified by section 4264, but they are not repealed.

The powers and jurisdiction of the probate judges are greatly enlarged by said section 4264. By that section, they may admit to bail on writs of *habeas corpus*, before conviction, in all cases of felony, except felonies which may be punished by death, or by imprisonment in the penitentiary for life, where the party is confined in the county jail, on a charge of felony, or under a commitment for felony, by a chancellor or a judge of the circuit or a city court, acting as a conservator of the peace or magistrate; but if the party is confined in the penitentiary, or is confined under a sentence, judgment, decree, or *order* of the supreme court, chancery court, the circuit court, or a city court, that then the probate judges have no jurisdiction or authority to issue a writ of *habeas corpus* on the petition of a party so confined, either for the purpose of admitting him to bail, or for any other purpose.

Where a party is indicted for a felony, and is arrested on a *capias*, or other writ of arrest, issued on said indictment, and imprisoned in the jail of the county, then, we hold, he is confined under an order of the court in which the indictment was found, and cannot be bailed on a *habeas corpus* issued by the probate judge of the county. In other words, the probate judge, in such a case, has no jurisdiction to issue a writ of *habeas corpus* for the purpose of admitting the party to bail.

Construing the entire section together, and in connection with other sections of the Revised Code, on the subject of bail in criminal cases, it seems to us this is the true interpretation and meaning of said section.

All the several sections, on the same subject, should be construed together. By being embraced in the Code, they

are formed into a system on the subject to which they refer, and by the adoption of the Code the legislature has, as it were, laid its hands on them and given them new life and vitality, as a body. For this reason, if for no other, they should be interpreted and construed together, and, if possible, made consistent and in harmony with each other. If, however, this, in any particular case, cannot be done, then the earlier sections, or sections taken from earlier acts, must be held to be repealed, or so modified as to be in agreement with the later sections.

2. This question disposed of, let us now inquire whether the judge of the circuit court properly issued the writ of prohibition, made an exhibit to the petition of the said Ray & Defoe? Could he do this in vacation? We are of the opinion he could not. The circuit court has the power and authority to exercise a general superintendence over inferior jurisdictions (Revised Code, § 746); and, consequently, has the authority, as a court of original jurisdiction, to issue all writs necessary to enable it to accomplish that object.

Circuit judges, as such, may grant writs of *certiorari*, *supersedeas*, *quo warranto*, *mandamus*, and all other remedial and original writs *which are grantable by judges at the common law.*—Revised Code, § 747. We do not understand that judges at the common law issued writs of prohibition in vacation. They were issued, most commonly, by the court of king's bench, but in some cases they were issued out of the chancery court, common pleas, or the court of exchequer.—3 Wendell's Blackstone, ma. pa. 112; and on the next page there is a short account of the mode of proceeding. Those who wish to see a statement more at large, as to the mode of proceeding, will find it in note 1, Saunders' Rep., vol. 1, ma. 136, and in a note to the case of Williams, *ex parte*, 4 Arkansas Rep. 537. This practice we think cumbrous, and tending to promote delay, and would be found inconvenient in this State, and, therefore, not necessary to be strictly followed.

In this country, the necessity of cases may require the application for this writ to be made in vacation, but the writ itself should only be issued in term time. When the

application is made in vacation, a rule to show cause should first be issued, returnable to the next term of the court, and this rule should be served upon the judge or court, and the parties to be affected by it.—*State v. Allen et al.;* 2 Iredell's Law Rep. 183 ; *Mayo, Mayor, &c., v. James,* 12 Grattan's Va. Rep. 17 ; and, when served, the rule to show cause will operate as a prohibition until the further order of the court.—12 Grattan, *supra.*

Without pursuing this question further, enough has been said to show that the circuit judge erred in issuing the writ of prohibition in this case, in the first instance, in vacation, and without notice to either the judge of the probate court, or the parties to be affected by it.

Therefore, let the proceeding before the circuit judge be reversed back to the petition, and the clerk of this court will issue a writ, in the nature of a *mandamus,* to the said circuit judge, commanding him to set aside the said writ of prohibition, heretofore granted by him, and in the stead thereof, to issue a rule to the probate judge to show cause why a writ of prohibition should not issue; and such rule must be served upon the probate judge of Limestone county, and the said petitioners Ray & Defoe, returnable to the next term of the circuit court of said county, when and where all the parties may be heard, and the writ of prohibition issued, or the rule *nisi* discharged, as the right of the case may require.

We recommend the amendment of the petition of the sheriff and solicitor, so that the proceeding may be a proceeding in the name of the State of Alabama.

The petitioners, said Ray & Defoe, will pay the costs in this behalf in this court.