# *Ex parte* Keeling.

*Application for Mandamus to Circuit Judge, to vacate Prohibition improperly granted to Probate Judge in Matter of Bail.*

50 474
L130 181

1. *Jurisdiction of probate judge to grant bail in capital felonies.* — Under section 4264 of the Revised Code, a probate judge had no jurisdiction, on *habeas corpus*, to grant bail to a person who was confined under a charge of a capital felony; but under the act approved March 20, 1873, amending that section (Session Acts 1872–3, p. 120), he has equal jurisdiction in such cases, within the limits of his county, with circuit judges and chancellors.

2. *When mandamus lies to circuit judge, in matter of prohibition to probate judge.* — When a prohibition has been improperly granted by a circuit judge, to restrain a probate judge from acting on an application for bail in a case which is within his jurisdiction, this court will award a *mandamus* to set aside the order for the prohibition.

APPLICATION by petition, by N. R. Keeling, for a writ of *mandamus* to the Hon. LITTLEBERRY STRANGE, on the facts stated in the opinion of the court.

LIGON & COBB, for the petitioner.

PETERS, C. J. — The petition in this case shows, that Keeling, the applicant, was committed, on a preliminary exam-

[Ex parte Keeling.]

ination on a charge of murder, by order and warrant of Hon. LITTLEBERRY STRANGE, judge of the 9th judicial circuit, to the jail of Macon county, on the 16th day of October, 1873, to be kept in custody until legally discharged. Afterwards, on application to Hon. J. T. Menefee, probate judge of said county of Macon, said Keeling was ordered to be brought before him, on a writ of *habeas corpus*, for the purpose of hearing an application of said Keeling for bail, on the charge for which he had been committed as above said. This latter writ of *habeas corpus* bears date January 17, 1874; and said Keeling was ordered to be brought before the said probate judge on the same day for the purpose of hearing said application for bail. Thereupon, the solicitor of said county of Macon applied to Hon. LITTLEBERRY STRANGE, for a writ of prohibition, to restrain said probate judge from proceeding in said examination on said writ of *habeas corpus* aforesaid, and said writ of prohibition was accordingly granted. And now the said Keeling applies to this court for a writ of *mandamus*, directed to Hon. LITTLEBERRY STRANGE aforesaid, as judge as aforesaid, commanding him to vacate said order granting said writ of prohibition, and to allow said probate judge to hear and determine said application for bail on said writ of *habeas corpus* aforesaid.

In the case of *Ex parte Ray & Defoe*, at the January term, 1871, of this court, on an application like the present, the practice in such cases was discussed and settled. 45 Ala. 15. Since then, the jurisdiction of the probate judges of the several counties in this State has been very much extended, in such applications, by the act of the general assembly, entitled " An act to amend section 4264 of the Revised Code of Alabama," approved March 29, 1873. Acts of Ala. 1872–1873, p. 120, No. 72. Before the passage of this act, the probate judge could not admit to bail, on writ of *habeas corpus*, where the commitment was for a felony punishable by death or imprisonment in the penitentiary for life. Rev. Code, § 4264; 45 Ala. 15, *supra*. But now, the law as above amended directs, that, " where the person is confined in the county jail, or any other place, on a charge of felony, or under commitment, or on an indictment for felony, the petition for *habeas corpus* must be addressed to the judge of the city court, or the nearest circuit judge or chancellor, or the probate judge of the county, where the person making the application for bail is confined." Acts, *supra*, p. 120, No. 72. This act last named puts the jurisdiction of the probate court on an equality, within the county of his official authority, with the judge of the city court, the circuit judge, and the chancellor, when the confinement is within the county of the probate judge's jurisdiction.

Here, the commitment was on a charge of murder, which is a felony. Rev. Code, §§ 3653, 3654, 3541. And the restraint was under confinement for that offence. In such a case, the probate judge of the county, in which the person complaining is confined, has jurisdiction to issue a writ of *habeas corpus*, and hear and determine the petitioner's right to be bailed. The probate judge in this case was, therefore, acting within his jurisdiction, and under authority vested in him by law. The prohibition was, therefore, improperly granted, and it should be set aside, and the order discharged.

The usual practice, in such a case as this, is to grant a rule to show cause, and have the same served on the learned judge of the circuit court; and a proper courtesy to the distinguished officers exercising the duties of that jurisdiction would require that practice to be rigidly adhered to in this case, were it not otherwise agreed between the parties themselves in this proceeding. Here, it is agreed by the parties, by a written consent entered on the transcript of the record, that, in case it should be determined that the prohibition has been improvidently granted, then a peremptory *mandamus* may issue at once, in accordance with the prayer of the petition. A peremptory *mandamus* will therefore be issued, returnable into this court on Monday, the 9th day of February, 1874. It is further ordered, that the petitioner, said N. R. Keeling, pay the costs of this proceeding in this court.