# *Ex parte* Boothe *et al.*

## Application by County Board of Revenue, for Mandamus and Prohibition to Circuit Judge.

1. *County board of revenue; renewal of sheriff's bond; conclusiveness of proceedings, and how revised.*—When a county board of revenue, which is made a court of record, is authorized to examine the bonds of county officers, to require a new bond from an officer whose old bond is found insufficient, and to report a vacancy in the office on his failure to give a new bond as required; the action of the board, declaring the sheriff's bond insufficient, and requiring him to give a new bond, is final and conclusive, no appeal from its decision being given by the statute, and can not be revised or reversed by the Circuit Court; yet, if the record of the proceedings of the board fails to show a compliance with legal requirements, they may be removed by *certiorari* into the Circuit Court, and there quashed.

2. *Prohibition by circuit judge, to inferior tribunal.*—A circuit judge has authority to grant writs of prohibition, or other original remedial writs, which were grantable by judges at common law; and when the writ is issued by him, though on an insufficient petition, or otherwise irregularly, it can not be disregarded or disobeyed by the inferior tribunal to which it is directed; nor will this court, in such case, interfere by prohibition, at the instance of the inferior tribunal, to restrain action under a writ irregularly issued.

3. *Same; practice.*—A writ of prohibition should never be issued by a circuit judge in vacation, nor without notice to the tribunal and persons to be affected: when application is made for the writ in vacation, a rule to show cause should be first granted, returnable to the next term of the court, and should be served on the judge, or court, and on the parties; and at the next term, no cause being shown against it, a peremptory writ may be issued.

4. *Same; when mandamus lies to circuit judge.*—When a circuit judge has irregularly granted a prohibition in vacation, on a petition which did not justify it, and without notice or a preliminary rule to show cause; although this court will not interfere by prohibition, at the suit of the inferior tribunal, which has disregarded the writ, it will grant a writ in the nature of a *mandamus*, commanding the circuit judge to set aside the writ issued by him, and to reverse his action back to the filing of the original petition.

Application by petition, under oath, by Jesse H. Boothe, William Montgomery, Thomas W. Hall, Noah W. Cox, and John M. Jones, composing the Board of Revenue of Autauga county, for a prohibition, *mandamus*, or other remedial writ, directed to Hon. JAMES Q. SMITH, presiding in the Circuit Court of said county, restraining all further action or proceedings under a writ of prohibition issued by him, at the instance of John B. Simpson, the sheriff of said county, against these petitioners individually, and against the Board of Revenue. The material facts of the case, as shown by the petition and accompanying exhibits, are fully stated in the opinion of the court. The said Board of Revenue was created by
VOL. LXIV.

an act of the General Assembly, approved February 27th, 1879, which may be found in the Session Acts of 1878-9, pp. 248-51. It consists of the probate judge of the county, who is the presiding judge and clerk, and four commissioners, who are appointed by the governor. It is declared a court of record, and vested with all the jurisdiction and powers which, in other counties, are vested in and exercised by the Court of County Commissioners. Its powers in regard to the bonds of county officers, which are material in this case, are contained in the 10th, 11th, and 12th sections of said act, in the following words: SEC. 10: "It shall be the duty of said Board of Revenue, from time to time, to examine the bonds of all county officers whose duty it is to receive any of the revenues of said county ; and if, upon such examination, it is ascertained that the bonds of any such officer be insufficient in amount or otherwise, it shall be the duty of said board to make an order, requiring said officer to appear before them, on a day therein named, to show cause why he should not be required to execute a new bond." SEC. 11: "It shall be the duty of the presiding judge of said board to issue a written notice to said officer, requiring him to appear before said board, on the day named in said order, to show cause why he should not be required to give a new bond; which notice shall be served by the sheriff of said county, unless the sheriff is a party to said proceeding (then, and in that event, it shall be the duty of the coroner to execute the said notice), ten days before the day named in said order." SEC. 12: "Said board shall assemble at the court-house in said county, on the day named in said order ; at which time, said officer may appear, and introduce evidence of the sufficiency of his bond, and the said board may introduce evidence as to the sufficiency or insufficiency of said bond ; and if, upon the investigation then had, it shall appear to the satisfaction of said board that said bond is insufficient, it shall make an order requiring said officer to appear before it, on a day therein named, and execute a new bond, payable and conditioned as required by law. Said board shall then adjourn, to meet on the day mentioned in said order; and if said officer shall, on the meeting of said board, file with the presiding judge of said board a bond deemed by said board good and sufficient, it shall be their duty to approve the same, and indorse their approval thereon ; but, should said officer fail to execute and deliver to said board, on said day, a bond deemed by them good and sufficient, the office which he holds is hereby declared vacant, and said board shall certify such vacancy to the governor, who shall fill such vacancy by appointment."

THOS. H. WATTS & SONS, W. H. & W. T. NORTHINGTON, and THOS. W. SADLER, for the petitioners.—The Board of Revenue was exercising an undoubted jurisdiction, and the regularity of its proceedings could not be assailed or inquired into by prohibition.—High on Extra. Leg. Rem. §§ 762-73 ; *Ex parte Smith*, 23 Ala. 94. Nor did Simpson's petition authorize the circuit judge to issue a *certiorari*.—*Doolittle v. G. & C. Railroad Co..* 14 Illinois, 381 ; *People v. Goodwin*, 1 Selden, N. Y. 5ь8 ; *Morewood v. Hollister*, 2 Selden, N. Y. 309 ; *State v. Stewart*, 5 Strobh. 29 ; *Swan v. Mayor*, 8 Gill, 150 ; *State v. Bill*, 13 Ired. 373 ; 19 Penn. St. 134 ; 16 Geo. 25 ; 26 Barbour, 437 ; 5 Wisc. 191 ; 4 Jones' Law, N. C. 109 ; *Redmond v. Anderson*, 1ь Ark. 380 ; 2 Dutcher, N. J. 111 ; 3 Cal. 386 ; 1 Harr. Dig. 577. If a case had been presented for a writ of prohibition, the judge had no power to grant it in vacation. *Ex parte Ray & DeFoe*, 45 Ala. 15. But the circuit judge himself issued no writ, and did not order the clerk to issue any prohibition, or other specific writ : his order to the clerk was " to issue the writ which the petition prays,"—a writ " ordering and directing them as prayed for in said petition." If the judge himself had the power to issue a prohibition, he could not delegate it to his clerk ; and the order is not sufficient for that purpose, if the power could be delegated. The writ issued by the clerk being void, these petitioners were not guilty of any contempt in disregarding it ; and having no, other remedy against this usurpation of power by the circuit judge, they are entitled to a prohibition from this court.—23 Ala. 94.

STONE, J.—The present petitioners compose the Board of Revenue of Autauga county, appointed under the act creating the board, approved February 27, 1879.—Pamph. Acts, 248. This case arose as follows : The Board of Revenue cited the sheriff of Autauga county before them, to show cause why he should not be required to execute a new bond as sheriff. The hearing and trial were had, on evidence introduced by each party, on the 5th day of May, 1879 ; and the board made an order, " that the said John B. Simpson, as sheriff, appear before the Board of Revenue, on the 15th day of May, 1879, and execute a new bond as such sheriff as aforesaid, in the penal sum of ten thousand dollars, payable and conditioned as required by law." The penalty of the bond, under which the sheriff had been acting, was five thousand dollars, and was, in the order made by the board, pronounced " insufficient in amount." The sheriff did not obey this order, and failed to execute a new bond.

On the 14th day of May, 1879—one day before the day set

[Ex parte Boothe et al.]

for the execution of the new bond—Simpson, the sheriff, presented his petition to the judge of the circuit at chambers; in which petition he charged, that the bond under which he was acting was sufficient in the amount of its penalty to protect the public and all private suitors, in all their interests in his hands; that on the trial on the 5th of May, it was not shown that his bond was insufficient in amount, or in the solvency of his sureties; that he had been a faithful public officer, and had committed no defaults; that the order of the Board of Revenue, requiring him to execute a new bond, was made, not because the bond under which he was acting was insufficient, but as a means of ousting him from his office through his inability to execute the new bond required. We do not quote the language of the petition, but what we have stated contains the substance of the charges, which are made with great fullness of expression. The prayer of the petition is in the following language: " Your petitioner would respectfully represent, that the said action of the Board of Revenue is a proper case calling for the exercise of the superintending power and authority vested by law in your Honor as a judge of the Circuit Court of said State; and in view of, and upon consideration of the premises, your petitioner prays your Honor to issue the necessary or appropriate writs, ordering the clerk of the Circuit Court of said county to issue a writ of *certiorari*, or other proper or appropriate writ, commanding said Board of Revenue to stop any further action or proceeding as to his said official bond, and that they take no further steps in requiring him, your petitioner, to give said new bond, and that they cease all further action and steps relating to the same; and that said board do not require him, your petitioner, to give a new bond, and prohibiting said board from requiring a new bond from your petitioner, and from certifying to the governor of said State that a vacancy exists in the office of sheriff of said county, and to cease from all further action relating to his said official bond, connected with said proceedings, and send up to the Circuit Court of said county, to the first day of the next term thereof, a correct, true and full transcript of all the proceedings of said Board of Revenue touching or relating to your petitioner's said official bond, or requiring him to give a new official bond; on which day, and on the hearing of the petition, your petitioner will produce to your Honor a true copy of his said official bond, and produce testimony showing the sufficiency of said bond."

On the presentation of this petition, the judge of the circuit indorsed a *fiat*, directed to the clerk of the Circuit Court of Autauga county, commanding him, " upon the said John B.

Simpson executing a bond," &c., "to issue the writ which the said petitioner prays—that I command you to issue as such clerk, to the Board of Revenue of Autauga county, ordering and directing them as prayed for in said petition." This petition was filed with the clerk, on the fifteenth day of May, and on that day the clerk issued a positive writ of prohibition and *certiorari* to said board, which was served on each member of the board who was in attendance on that day. The Board of Revenue disobeyed the writ of prohibition, and proceeded to certify the vacancy to the governor.

The petitioner subsequently presented his application to the circuit judge at chambers, supported by his affidavit, bringing to the judge's notice the fact that the Board of Revenue had disobeyed his order. The judge thereupon ordered a notice to be issued to said Board of Revenue, and each member thereof, requiring them "to appear before the judge of court [Autauga] at the next term, on the fourth day thereof, and show cause in writing, under oath, why they and each of them are not in contempt, and why they and each of them should not be punished therefor." This order was made in vacation. The notices thus ordered were issued and served. Thereupon, and before the day set for the hearing in the Circuit Court on said charge of contempt, the members of the Board of Revenue presented their petition to this court, setting forth, *in extenso*, the proceedings previously had, a summary of which is given above, and praying this court "to cause a writ of *mandamus*, writ of prohibition, or other appropriate writ, to be issued to the judge of the Circuit Court, requiring him to vacate and set aside said order, or that he be prohibited from making any order, or exercising any jurisdiction over the said Board of Revenue, under the writ issued and served on your petitioners by the said clerk of the Circuit Court of Autauga county; or, that your Honors will issue such writ, or make such order and decree, as to your Honors may seem proper." On this petition of the members of the Board of Revenue, this court ordered that a rule *nisi* issue to the honorable judge of said court, requiring him to show cause before this court why a writ of prohibition should not be awarded as prayed for; and it was further ordered, that all further proceedings in said cause before said judge be stayed until the further order of this court. No cause has been shown against the action of this court, other than what may arise out of the facts above summarized.

It is contended for petitioners, that the action of the Board of Revenue, in pronouncing Simpson's bond insufficient, and in requiring a new bond, was final and conclusive, and that the Circuit Court had no jurisdiction to hear evidence, and

retry the question of the sufficiency of the bond. And on this ground, it is here argued, that the writ of prohibition should issue. We agree with counsel, that the question of the sufficiency of the sheriff's bond was exclusively within the cognizance of the Board of Revenue, and that no matter how erroneous the conclusion they arrived at may have been, the proceedings being regular in form, the Circuit Court could not re-examine the question, or reverse their decision. To that body is confided much of the police administration of the county; its conscientious exercise is guaranteed by the manner of their selection, and by their official oaths; and the law has given no appeal, or right to review their rulings, in such a case as this.—*Ex parte Davis*, 52 Ala. 87; *Ex parte Thompson, Ib.* 98; *State, ex rel. v. Tucker*, 54 Ala. 205; *Beebe v. Robinson*, 52 Ala. 66.

It does not follow. however, that because the Circuit Court had no power to retry the question, this court will award a prohibition to restrain his action. Prohibition is not a revisory writ, and should never be awarded, unless the complaining party has been drawn *ad aliud examen*—into a jurisdiction or mode of procedure disallowed by the laws of the land, or where, by handling matters clearly within their cognizance, the inferior courts transgress the bounds prescribed to them by law.—2 Brick. Dig. 389, § 5; *Ex parte Reid*, 50 Ala. 439; *Ex parte Roundtree*, 51 Ala. 42; *Ex parte State, ex rel.*, 51 Ala. 60. The judges of the Circuit Court have authority to grant writs of *certiorari, supersedeas, quo warranto, mandamus*, and all other remedial and original writs, which are grantable by judges at the common law.—Code of 1876, § 658. Circuit judges have authority to grant writs of prohibition, with certain limitations, which we will hereafter consider. And when such writ is ordered, it will not do for inferior jurisdictions, which its mandate restrains, to speculate about the sufficiency of the petition, or the averments on which it is awarded. Such practice would be subversive of civil order, and should not be resorted to. The laws make ample provision for the correction of the errors, which will be committed in the administration of justice. It would lead to confusion, if not to anarchy, if injunctions, and other mandatory or restraining orders, issued by courts having authority to issue such orders, could be resisted and disobeyed, on the plea that the writ had been granted on insufficient averments. Public order, legal subordination, and the repose of society require that error be corrected by legal methods.—*Ex parte Walker*, 25 Ala. 81; *Ex parte Greene and Graham*, 29 Ala. 52; *Ex parte Hamilton*, 51 Ala. 62; *Ex parte Brown*, 58 Ala. 536. We do not think the present record presents a case

[Ex parte Boothe et al.]

for prohibition; and the rule *nisi* must be discharged.—See *Ex parte Greene and Graham, supra.*

We have said above that the rulings and orders of the Board of Revenue, if regular in form, cannot be revised or reversed in the Circuit Court. If, however, the board should make such order, and fail to make their record show they had conformed to legal requirements, *certiorari* would lie to the Circuit Court, where the proceedings would be quashed. 1 Brick. Dig. 333.

But the petition prays for a *mandamus* as well. It is shown above that, under the order of the circuit judge, granted in vacation, the clerk issued a peremptory prohibition in the first instance. The practice in such cases is settled in *Ex parte Ray & DeFoe,* 45 Ala. 15; opinion by PECK, C. J. In that case, unlike this, the judge of probate, who was restrained by the writ of prohibition, was proceeding in a matter over which he had no jurisdiction. The court said: "Let us now inquire whether the judge of the Circuit Court properly issued the writ of prohibition, made an exhibit to the said petition of Ray & DeFoe. Could he do this in vacation? We are of opinion he could not. . . Circuit judges, as such, may grant writs of *certiorari, supersedeas, quo warranto, mandamus,* and all other remedial and original writs which are grantable by judges at the common law. We do not understand that judges at the common law issued writs of prohibition in vacation. . . In this country, the necessity of cases may require the application for this writ to be made in vacation, but the writ itself should only be issued in term time. When the application is made in vacation, a rule to show cause should first be issued, returnable to the next term of the court, and this rule should be served upon the judge, or court, and the parties to be affected by it. . . Without pursuing this question, enough has been said to show that the circuit judge erred in issuing the writ of prohibition in this case, in the first instance, in vacation, and without notice to either the judge of the Probate Court, or the parties to be affected by it." This court, in that case, made an order as follows: "Let the proceeding before the circuit judge be reversed back to the petition, and the clerk of this court will issue a writ, in the nature of a *mandamus,* to the said circuit judge, commanding him to set aside the said writ of prohibition heretofore granted by him, and, in the stead thereof, to issue a rule to the probate judge to show cause why a writ of prohibition should not issue."—See, also, *Ex parte Keeling,* 50 Ala. 474.

The case of *Ex parte Ray & DeFoe, supra,* is precisely in point. It results, that the judge of the second judicial cir-

[Whelan v. McCreary.]

cuit erred in granting the writ of prohibition, in vacation, and in the first instance. The difference between the former case and this is, that in that case, the petition to the circuit judge presented a case which justified and called for a writ of prohibition. In this, the petition does not make a case of error, which the Circuit Court can redress. No relief should have been granted on the petition as presented, and its prayer should have been denied. A writ, in the nature of a *manda-mus*, is awarded, commanding the judge of the Circuit Court of Autauga to set aside the said writ of prohibition, heretofore granted by him, and to reverse his action back to the filing of the petition.

The costs are adjudged against the said John B. Simpson.