# Hall *v.* The State.

*Petition for Habeas Corpus.*

1. *Jurisdiction of justice of the peace; when defendant detained by order of the circuit court, justice of the peace without jurisdiction.*—Where a person charged with the offense of seduction is, by order of the circuit court, remanded to the custody of the sheriff to await an investigation by the grand jury of the charge against him, and his bond is fixed by such order of the court, a justice of the peace of the county is without authority to review, or in any wise, revise the order of the circuit court or to reduce or increase the amount of the bail bond fixed by that order; and any proceeding before such justice of the peace relating to the charge against such person, or any order made by him in reference thereto is void.

2. *Habeas corpus; probate judge without authority to issue writ; when petition obtained by order of circuit court.* Under the provisions of the statute, (Code, § 4817), where a party is confined in jail under an order of the circuit court to await an investigation by the grand jury of the charge against him, the probate judge of the county wherein such person is confined, has no jurisdiction or authority to issue a writ of *habeas corpus* on the petition of such party, either for the purpose of admitting him to bail or for any other purpose.

APPEAL from the order of the Judge of Probate of Marshall County.

Heard before the Hon. A. M. AYRES.

The appellant in this case, Beauregard C. Hall, filed a petition addressed to the judge of probate of Marshall county, asking for a writ of *habeas corpus,* and that he be discharged from custody. The sheriff, in answer to the preliminary writ that was issued, stated that he held the petitioner in custody under a *mittimus* issued by one B. Cowan, a notary public and *ex-officio* justice of the peace of Marshall county. This *mittimus* was attached as an exhibit to the answer of the sheriff, and it stated that Beauregard C. Hall being charged of the

offense of seduction, and it appearing that such offense was committed and there is sufficient cause to believe that said Hall is guilty thereof, the sheriff is commanded to receive him into custody and retain him until legally discharged. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

Upon the hearing of the evidence in the case, the judge of probate rendered a judgment denying the petition, and dismissed the same and remanded the petitionre to the custody of the sheriff. To the rendition of this judgment the petitioner duly excepted, and therefrom prosecutes the present appeal.

J. E. BROWN and O. D. STREET, for appellant, cited *Ex parte State*, 76 Ala. 486; *Ex parte Snow*, 120 U. S. 274; *Ex parte Neilson*, 131 U. S. 176; *Bell v. State*, 48 Ala. 684; *Ex parte O'Rear*, 77 Ala. 92; *Ex parte Riley*, 77 Ala. 92; *Ex parte Charleston*, 107 Ala. 688; Church on Habeas Corpus, § 404.

CHAS. G. BROWN, Attorney-General, and JOHN A. LUSK, *contra*, cited *Stewart v. State*, 35 Tex. 174; 60 Am. St. Rep. 35; *Ex parte McGowan*, 75 Ala. 38; *Ex parte West*, 100 Ala. 65; *Ex parte Thomas*, 100 Ala. 101; *Ex parte Grover*, 61 Ala. 384; *Goodwin v. State*, 35 Ala. 430; 1 Bishop's Crim. Proced. (2d ed.), 229.

TYSON, J.—The petition for writ of *habeas corpus*, from the dismissal of which, this appeal is prosecuted, was addressed to the probate judge of Marshall county. The petitioner, as shown by the record, had been indicted, tried and acquitted in the circuit court of Marshall county of the charge of rape upon Pearl Pritchett. Upon a return of the verdict of acquittal in the cause, on the 24th day of April, 1901, the court made and entered this order or judgment: "It is, therefore, considered by the court that the defendant be not discharged but remanded to custody to await the investigation by the grand jury of a case for seduction. It is further considered by the court that the defendant be required to give bond in the sum of thirty-five hundred dollars to an-

[Hall v. The State.]

swer in such case. On motion of the State, it is further considered by the court on this the 25th day of April, 1901, that the defendant be required to give bond in the sum of five thousand dollars to answer as above, instead of thirty-five hundred dollars as heretofore on the 24h day of April, 1901, [ordered] and written."

It is true, after this order was made, one Cowan, a notary public and *ex officio* justice of the peace of Marshall county, entertained a proceeding instituted against the petitioner upon a charge of seduction of Pearl Pritchett predicated upon the same act of sexual intercourse for which he was held by the circuit court, and issued a *mittimus* to the sheriff which is relied upon by him as his authority for the detention of the prisoner. It is scarcely necessary to say that this proceeding was void for want of jurisdiction of the notary public and *ex officio* justice of the peace. Clearly the justice was without authority to review or in anywise revise the order of the circuit court holding the petitioner for seduction or to reduce or increase the amount of the bail bond fixed in that order The whole proceeding before him being void, the *mittimus* issued by him was, of course, void.

But it would seem that it does not follow from this that the sheriff is unlawfully depriving petitioner of his liberty, as it may be that he was and is authorized by the order of the circuit court to detain him until he gives the bond required by said order,—a point, however, not necessary to be decided. The real question to be determined is, whether the probate judge had jurisdiction to entertain the petition for the writ of *habeas corpus*, in view of the fact that petitioner is being held by authority of an *order* of the circuit court. If he was without jurisdiction, his dismissal of the petition was right, without reference to his reasons for doing so. The answer to this question will be found in the construction of section 4817 of the Code, which reads as follows: "When the person is confined in a county jail, or any other place, on a charge of felony, or under a committment or an indictment for felony, the petition must be addressed to the judge of the city

court, or to the nearest circuit judge, or chancellor, or to the probate judge of the county where the person is confined; and when the person is confined in the penitentiary, or under a sentence, judgment, decree, or order of the supreme court, the chancery court, the circuit court, or the city court, other than an indictment for felony, the petition must be addressed to the judge of the city court, or to the nearest circuit judge or chancellor; in all other cases, it may be addressed to any one of them, or to the probate judge of the county," etc. The language employed in this section, in so far as the question here presented is involved, is the same as that construed in the case of *Ex parte Ray*, 45 Ala. 15. In that case the court said "if the party is confined in the penitentiary, or is confined under a sentence, judgment, decree, or *order* of the supreme court, chancery court, the circuit court, or a city court, then the probate judges have no jurisdiction or authority to issue a writ of *habeas corpus* on the petition of a party so confined, either for the purpose of admitting him to bail, or for any other purpose." It was also held in that case, the statute not containing the words that appear in the present statute, to-wit: "other than for indictment for felony," that where a person was indicted for a felony and arrested on a *capias* or other writ of arrest on said indictment and imprisoned in the county jail, that he was confined under the *order* of the court in which the indictment was found and could not be bailed by a probate judge. Doubtless it was for the purpose of conferring jurisdiction upon probate judges of fixing bail after an indictment for a felony has been preferred and the amount of the bail is not fixed by the judge presiding over the court in which it is preferred, that the statute was amended in the particular pointed out above as well as by the insertion of the words "or an indictment" in the first clause of the statute after the word "commitment" and before the words "for felony."

The probate judge committed no error in dismissing the petition, and to this extent the judgment rendered by him must be affirmed.

Affirmed.