# *Ex parte* Campbell *et al.*

### *Application for Mandamus.*

1. *Judge of city court of Talladega; authority to issue remedial writs.*—The judge of the city court of Talladega having, by the express terms of the statute creating said court, "the authority to issue writs of injunction, prohibition, *ne exeat,* and all other writs which now or may hereafter be lawfully issued by judges of the circuit court and chancellors of this State," has the authority to issue a writ of prohibition or a rule *nisi* on application for a writ of prohibition returnable to any court of the State having jurisdiction of such writ.

2. *Appeals; right to appeal from a judgment of judge of the city court granting application for writ of prohibition*—Under the provisions of the statute authorizing appeals to the Supreme Court "from a judgment of judges of the circuit courts and city courts on application for writs of *certiorari, * * * mandamus,* and other remedial writs," upon certain conditions therein specified, (Code, § 3431), an appeal will lie from a judgment of the judge of the city court granting a rule *nisi* on an application for a writ of prohibition.

3. *Mandamus; when issued; not awarded when relief can be obtained by appeal*—A writ of *mandamus,* upon proper showing, will be issued to compel, but not to control or correct, judicial action, and, therefore, a writ of *mandamus* will not be issued by the Supreme Court to control the judicial action of an inferior court or to set aside a judgment which said court had full authority and jurisdiction to render, if the petitioner or the respondent in such cause has a complete and adequate remedy by appeal to correct any error which said court may have committed in rendering said judgment. (*Ex parte Candee,* 48 Ala. 386, overruled.)

[*Ex parte* Campbell *et al.*]

4. *Same; same.*—Writ of *mandamus* will not be awarded to command an inferior tribunal to do that which it could not legally do without said mandate; and, therefore, where the judge of a city court has, on application for a remedial writ, issued a rule *nisi* returnable to the circuit court of another county, he thereby exhausts his jurisdiction and is without authorority to vary, alter or amend his judgment awarding said rule, and hence can not be compelled by *mandamus* to vacate said judgment.

5. *Application for writ of prohibition; no objection to judgment awarding rule nisi that it contains a prohibition against the respondent.*—Where on the filing of an application for a writ of prohibition, a rule *nisi* is granted, it is no objection to the judgment granting such rule *nisi* that it contains an order prohibiting the respondents from doing the acts complained of in the application, until the final hearing of the cause; the issuance of the rule *nisi* operating as such a prohibition until the further order of the court.

The proceedings in this case were instituted by the petitioners, John A. Campbell, Thos. C. McKibbon and Henry C. Moss, filing an original application in the Supreme Court asking for the issuance of a *mandamus*. It was averred in said petition that the petitioners had been duly and legally appointed a board of court house commissioners and charged with certain duties and invested with certain powers as such commissioners, under and by virtue of an act of the General Assembly of Alabama, approved March 5, 1901, entitled "An act to provide for the removal of the county seat of Shelby county from Columbiana to Calera, to authorize an issue of county bonds, to raise money for the erection of a court house and jail, and to provide for the erection of such buildings at Calera, to provide for paying the principal and interest on said bonds, to appoint a board of court house commissioners and prescribe their duties and compensation." That after having qualified and entered upon the discharge of their duties as such court house commissioners, the petitioners proceeded to advertise for bids looking to the issuance of the bonds authorized by said act; that on April 2, 1901, A. P. Longshore, who is the judge of probate of Shelby county, and a member of the court of county commissioners,

made application to and obtained from Hon. G. K. Miller, judge of the city court of Talladega, a writ of prohibition, which was, on said day, served upon the petitioners. The application therefor and the writ itself were attached as an exhibit to the petition, and the substance of them is sufficiently stated in the opinion. The petitioners then averred that the suing out of said writ and the service thereof upon them, has and will greatly delay them in the proper discharge of their duties as such court house commissioners under said act, and if permitted to remain in force will cause great and irreparable injury to the petitioners and the public; that the action of said judge of the city court of Talladega in granting said prohibition was in excess of the power or jurisdiction conferred upon him by law, and was invalid and without authority of law.

The prayer of the petition was "that a rule *nisi* be issued and served upon the said G. K. Miller, judge of said city court of Talladega, commanding him to be and appear before this honorable court on a day to be named in said order, then and there to show cause, if any, why the writ of *mandamus* or other appropriate order shall not be issued to compel him to vacate said order, and that on return thereof a peremptory writ of *mandamus* or other appropriate writ issue, directed to said G. K. Miller, judge as aforesaid, commanding him to set aside and vacate said order; and that petitioners pray for all such further or different orders as may be meet and proper in the premises."

The facts relating to the issuance of the writ of prohibition by the judge of the city court of Talladega are sufficiently stated in the opinion.

The respondent, G. K. Miller, demurred to the petition upon the following, among other grounds: 1. It does not appear from said petition that application for the relief thereby sought had been made to the court or judge below and refused. 2. Under act of the General Assembly (see Acts, 1894-95, p. 1219) the judge of the city court of Talladega had authority to issue the said rule *nisi* in prohibition, and his order should not be vacated by *mandamus* from this court. 3. Petitioners have a full, complete and adequate remedy by appeal.

4.  It appears from the allegations of fact in the petition that petitioners are not entitled to a peremptory writ of *mandamus* as prayed for.  5.  Injury to the public is no ground for relief for petitioners.  6.  It is not shown in what respect the public will be greatly or irreparably injured.

The respondent filed an answer, in which he admitted the issuance of the writ and the facts relating thereto as averred in the petition, but denied that the issuance thereof and the prohibition granted thereby would greatly hinder or delay the petitioners in the proper discharge of their lawful duties, or would cause great or irreparable injury to the petitioners or to the public. He further denied that in granting said writ of prohibition he acted in excess of the power or jurisdiction conferred upon him by law, but averred to the contrary that in issuing said writ he was exercising the jurisdiction expressly conferred upon him by statute.  It was further averred in said answer that no application and motion had been made to the said respondent seeking to have said order vacated, and further that on April 5, 1901, the petitioners made a motion in the circuit court of Shelby county, in which court the rule *nisi* which had been issued by the respondent, was made returnable, to quash said writ, and that said motion and the proceedings thereon were still pending in said court, and further that the circuit court of Shelby county had jurisdiction of said cause at the time of the filing of the application for *mandamus* in this court.

MARTIN & BOULDIN and A. LATADY, for petitioners. The removal act is not unconstitutional as containing more than one subject or a subject not embraced in its title.  All of its provisions are referable and cognate to the general subject—the removal of the court house. *Ballentyne v. Wickersham,* 75 Ala. 533; *State v. Street,* 117 Ala. 203; *Ex parte Mayor, etc.; of Birmingham,* 116 Ala. 186; *Judson v. City of Bessemer,* 87 Ala. 240; *Southern Ry. Co. v. St. Clair County,* 124 Ala. 491; *Commissioners Court v. Tarver,* 21 Ala. 661.

Counties are governmental agencies under the control

of the legislature.—*Ex parte Hill*, 40 Ala. 121; *Hawkins v. Roberts*, 122 Ala. 130; *Oldham v. Birmingham*, 102 Ala. 357; *A. G. S. R. R. Co. v. Reed*, 124 Ala. 253; *State v. Crook*, 126 Ala. 600; *Williams v. Board of Revenue*, 123 Ala. 432; *Dun v. Court of Revenue*, 85 Ala. 144.

Having the power to remove the court house, the legislature may provide all necessary means, agencies and penalties to effectuate such removal.—Authorities first above cited. And may levy a special county tax to pay them.—*Hare v. Kennedy*, 83 Ala. 608; cited and approved in *A. G. S. R. Co. v. Reed*, 124 Ala. 258; *Phoenix Assur. Co. v. Fire Dept.*, 117 Ala. 646; *State v. Steed*, 117 Ala. 209; *Mayor, etc., v. Klein*, 89 Ala. 461; *State v. Southern Ry. Co.*, 115 Ala. 257; *Judson v. City of Bessemer*, 87 Ala. 242.

Authority to build a court house includes authority to furnish it.—*A. G. S. R. R. Co. v. Reed*, 124 Ala. 608. The provisions authorizing the commissioners to employ counsel to assist them is no more than the law would imply.—*Commissioners Court v. Tarver*, 21 Ala. 661.

The act being valid, the issuance of the writ at the suit of Longshore, *et al.* was unauthorized. There is no allegation that these petitioners are doing or attempting to do anything not authorized by the terms of said act. The suit seeks to try the right of these petitioners to their respective offices under said act and at the same time prohibit them from discharging any of their official functions.

As a proceeding in *quo warranto*, the writ is void because, among other things, it is not in the name of the State of Alabama.—Code of 1896, § 3420; *State v. Elliott*, 117 Ala. 172.

As a proceeding in prohibition the application shows on its face no case for the exercise of that jurisdiction. "The writ of prohibition may be defined as an extraordinary judicial writ, because issuing out of a court of superior jurisdiction, directed to an inferior court, for the purpose of preventing the inferior tribunal from usurping a jurisdiction with which it is not legally vested. It is an original remedial writ, and is the remedy afforded by the common law to correct encroach-

ments of jurisdiction by inferior courts, and is used to keep such courts within the limits and bounds prescribed by law."—High Ex. Leg. Rem. (3d ed.), § 762.

"The appropriate function of the remedy is to restrain the exercise of unauthorized judicial or *quasi* judicial power, which is regarded as a contempt of the State or sovereign, and which may result in injury to the State or its citizens. These conditions are necessary to warrant the granting of the relief: First, that the court, officer or person against whom it is sought is about to exercise judicial or *quasi* judicial power; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no adequate remedy exists."—High Ex. Leg. Rem. (3d ed.), § 764a; *Birmingham R. & E. R. Co. v. Birmingham T. Co.*, 121 Ala. 475, 479; *Ex parte Roundtree*, 51 Ala. 42, 51; *Ex parte Boothe*, 64 Ala. 312; *Ex parte Keeling*, 50 Ala. 474; *Ex parte Ray & DeFoe*, 45 Ala. 15; *Ex parte Morgan Smith*, 23 Ala. 94; *Ex parte Smith*, 34 Ala. 455.

The writ of prohibition does not lie to prevent the discharge of ministerial duties or functions.—High Ex. Leg. Rem. (3d ed.), §§ 762, 769, 785; 16 Ency. Pl. & Pr., 1102; *Atkins v. Siddons*, 66 Ala. 563; *Ex parte State*, 89 Ala. 177.

*Mandamus* will lie to compel the vacation of a prohibition improperly granted.—3 Brick. Dig., 718, § 17; *Ex parte Boothe*, 64 Ala. 312; *Ex parte Keeling*, 50 Ala. 474; *Ex parte Ray & DeFoe*, 45 Ala. 15; High Ex. Leg. Rem. (3d ed.), 281; *Wilson v. Duncan*, 114 Ala. 672.

No appeal would lie from the order of Judge Miller granting the rule *nisi*, and there is no other adequate remedy than *mandamus* to set it aside.—*Ex parte Candee*, 48 Ala. 411; *Thompson v. Holt*, 52 Ala. 491; *Ex parte Grant*, 53 Ala. 16; *Dunn v. Court of County Commissioners*, 85 Ala. 144; *Wyker v. Francis*, 120 Ala. 509; *State v. Crook*, 123 Ala. 657; *State v. Wilson*, 123 Ala. 259; High Ex. Leg. Rem. (3d ed.), § 17.

It was not incumbent upon the petitioners to first make application to the judge of the city court to set aside his order before applying here for *mandamus.*—23

Ala. 121; 33 Ala. 74; 45 Ala. 15; 46 Ala. 384; 50 Ala. 474; 49 Ala. 385; 53 Ala. 67; 54 Ala. 577; 64 Ala. 312; 91 Ala. 558; 95 Ala. 288; 103 Ala. 415; 104 Ala. 276.

CECIL BROWNE and DRYER & WEBB, *contra.—Mandamus* will not lie from the Supreme Court to a judge of the circuit court or city court to compel him to vacate, quash or annul any order or proceeding made by such judge, without application having first been made therefor to such judge and refused; and this without regard to whether or not it be *otherwise* a proper case for the issuance by the Supreme Court of *mandamus.—Ex parte Edwards*, 123 Ala. 102; *Ex parte Scudder-Gale Grocery Co.*, 120 Ala. 434; *LeRoux v. Judge*, 45 Mich. 416.

The judge of the city court of Talladega, by the express terms of the statute creating the city court, clothed with the "authority to issue writs of injunction, *prohibition, ne excat,* and all other writs which are now, or may hereafter be lawfully issued by judges of the circuit court and chancellors of this State," has, under the well settled law and practice of this State, the authority to issue such writs, returnable into any court of the State having jurisdiction of them.—*E. & W. R. R. Co. v. E. T. V. & G. R. R. Co.*, 75 Ala. 275; *Ex parte Sayre*, 95 Ala. 288; *Cofer v. Schening*, 98 Ala. 338.

Under section 2 of the act creating the city court of Talladega (Acts of 1894-5, p. 1219), the judge of the city court may issue prohibition in like manner as the circuit court judges may issue *mandamus*, etc., under section 921 of the Code of 1896. Under this section of the Code judges of the circuit court could issue the rule *nisi* in *mandamus* proceedings from which an appeal lies to the Supreme Court.—Code, § 431; *State ex rel. Crow v. Crook*, 123 Ala. 657.

While appeals from judgments of courts may only be taken from their final judgments, as provided for in section 426 of the Code of 1896, appeals from judgments of judges of such courts, on application for *all* remedial writs may be taken to the Supreme Court, under section 431 of the Code of 1896.

[*Ex parte* Campbell *et al.*]

Where an appeal is prescribed, *mandamus* is not the proper remedy.—*Ex parte Grant & O'Barr*, 53 Ala. 16; *Ex parte Boothe*, 64 Ala. 312; *Ex parte Ray & 'DeFoe,* 45 Ala. 15.

The judge of the city court of Talladega, by the express provisions of the act creating that court, being authorized to issue preliminary writs of prohibition, returnable into the circuit court of Shelby, and the court possessing the undoubted general jurisdiction to try, the question of whether or not that remedy is the appropriate one to reach the wrongs complained of is for that court to decide in the first instance. The jurisdiction of this court is appellate, and it will not be drawn into a decision of questions of law in a case of which the lower court has jurisdiction, and upon which its jurisdiction has been invoked, until that lower court has acted; and then, if appeal lies, only by appeal. If the numerous interlocutory orders which are made in causes, from their inception to their final termination, could each be made distinct subject-matter for appeal to this court, this court would become an intolerable grievance, and there would be no end to the litigation to which a cause, requiring a great number of such orders, might be subject. The fact that a party considers himself aggrieved by an order, or that it is, in fact, erroneous, will not justify *mandamus.*—*Ex parte City Council of Montgomery,* 24 Ala. 98; *Ex parte Due,* 116 Ala. 491; *Ex parte Small,* 25 Ala. 74; *Ex parte Garlington* 26 Ala. 170; *Ex parte Elston,* 25 Ala. 72; *Chishold v. McGehee,* 41 Ala. 192; *Ex parte S. & N. R. R. Co.,* 44 Ala. 654; *Davidson v. Washburn,* 56 Ala. 596; *Ex parte S. & N. R. R. Co.,* 65 Ala. 599; *Ex parte Hayes,* 92 Ala. 120; *Ex parte Roundtree,* 51 Ala. 51.

TYSON, J.—Manifestly, notwithstanding the petition of Longshore and others avers that these petitioners are usurping the office and powers as court house commissioners without authority of law, and prays upon final hearing that they be ousted from their pretended offices, it is a petition or application for a writ of prohibition against them from doing the several acts and

things which they claim the right to do under and by virtue of a certain act of the General Assembly approved March 5, 1901.—*Ex parte Roundtree*, 51 Ala. 42. It is clearly not an action in the nature of a *quo warranto*. § 3417 *et seq.* of Code. Its further prayer is, "that some judicial officer with lawful authority grant a rule *nisi* and issue an alternative writ prohibiting said John A. Campbell from acting as president of and member of, Thos. C. McKibbon and Henry C. Moss from acting as members of, and the three, jointly and severally, from acting as such board of court house commissioners, * * * and to prohibit them jointly and severally from doing any of the matters and things enjoined upon or permitted by them to be done, under the terms and provisions of the said invalid act; * * * and if mistaken in the relief hereinabove prayed for, they pray that such further and general relief will be granted and adjudged to them by this court as under the pleadings and proof, upon final hearing hereof, may to this court seem meet and proper," etc. It is addressed to the Honorable Circuit Court of Shelby County and on the 2d day of April, 1901, was presented to the Honorable G. K. Miller as judge of the city court of Talladega for the preliminary orders and writs prayed for. On the same day, Judge Miller rendered this judgment: "It is, therefore, considered, ordered and adjudged by me as [such] judge of the city court of Talladega, that the rule *nisi*, prayed for in said petition, be and the same is hereby granted. And the said John A. Campbell be and he is hereby ordered to appear at the next term of the circuit court of Shelby county, Alabama, and show by what authority he acts as president and member of a board of court house commissioners of said county of Shelby, or exercises any of the duties of such office; that said Thos. C. McKibbon and Henry C. Moss also appear at the next term of said circuit court of Shelby county, Alabama, and show by what authority they act as members of a board of court house commissioners, or exercie any of the duties of such office; and that they, the said John A. Campbell, Thomas C. McKibbon and Henry C. Moss, jointly and severally, be and they are prohibited from acting as such board of court

house commissioners, from issuing and selling said bonds described in said petition and any such bonds, tearing down or otherwise injuring the court house at Columbiana, Alabama, and jointly and severally from doing any of the matters and things enjoined upon or permitted by them to be done under the provisions of said act, unless they appear in said circuit court of Shelby county, Alabama, at the next term thereof and show good cause why they should not be so prohibited. It is further considered, ordered and adjudged that the sheriff of Shelby county, or any other lawful officer, serve *instanter* a copy of this order and of the foregoing verified petition upon each of the said respondents, John A. Campbell, Thos. C. McKibbon and Henry C. Moss, and make due return thereof to the said circuit court of Shelby county, Alabama, according to law."

Campbell and others, against whom this writ was issued, by their petition ask us to issue a writ of *mandamus* or other remedial writ requiring Judge Miller to vacate his order or judgment because the granting of it was in excess of the power or jurisdiction conferred upon him by law and was without authority of law. In response to a rule *nisi* Judge Miller has appeared and demurred to and answered the petition. The cause is before us on a submission upon these pleadings.

By express provision of the act establishing the city court of Talladega, the judge of that court is clothed with the "authority to issue writs of injunction, prohibition, *ne exeat,* and all other writs which now or may hereafter be lawfully issued by judges of the circuit court and chancellors of this State." Nor is he confined in the exercise of this authority to the issue of such writs returnable to his own court or to the circuit or chancery court of his own county, but he may, as circuit judges and chancellors can, in vacation or at chambers, issue such writs returnable into any court of the State having jurisdiction of them. Or he may, as was done here, issue a rule *nisi* returnable to any circuit court in the State This proposition is so forcibly and clearly decided in the case of *E. & W. R. R. Co. v. E. T. V. & G. R. R. Co.,* 75 Ala. 275, construing an enact-

ment containing the same provision, as here, that we quote it on that point: "It is true the court is organized for the county of Dallas; that is the locality in which it dwells, and to which its jurisdiction is confined. But the jurisdiction of the court is distinguishable from the authority of the judge to grant remedial writs, which are mere auxiliaries to the exercise of jurisdiction, and which, when returned to the court to which they are issued, are subject to its control, and are temporary in their operation. It is a well defined legislative policy, intended to expedite the administration of justice, to confer on all judicial officers, of the jurisdiction and dignity of the judge of the city court, authority to issue, or to order the issue of such writs, returnable to any court of the State having jurisdiction of them. And it was in view of this policy, that, in express terms, the authority to issue such writs was conferred upon the judge of the city court, and not left to be derived by implication from the general grant of jurisdiction and power." See also *Ex parte Sayre*, 95 Ala. 288; *Cofer v. Schening*, 98 Ala. 388.

It is clear that Judge Miller had jurisdiction to issue the rule *nisi*.

But it is contended that it was improvidently granted by him, and, therefore, this court should by *mandamus* compel its vacation. This, we are asked to do, notwithstanding Judge Miller had jurisdiction to issue the rule and notwithstanding section 431 of the Code confers the right of appeal upon petitioners from his judgment; and we might add, this we must do notwithstanding the circuit court of Shelby county, to which the application was addressed and preliminary writ made returnable, acquired exclusive jurisdiction over the proceeding. The cases of *Ex parte Boothe*, 64 Ala. 312, *Ex parte Keeling*, 50 Ala. 474 and *Ex parte Ray and DeFoe*, 45 Ala. 15, are relied upon to support this contention. In each of these cases, the writs issued were peremptory in the first instance, and were issued in vacation without notice. The order of the judge being made without authority, and it was so held in each of them, was void. Being void, of course, it would not have supported an appeal to this court. To this ex-

tent, and only to this extent, can they be regarded as authority for the insistence that *mandamus* is the proper remedy to revise the action of the judge in issuing the writs of prohibition; and it is to this limited extent, they are authority for the proposition that *mandamus* will lie to compel the vacation of a writ of prohibition which has been improvidently granted. If the rule *nisi* is improvidently granted because of imperfections in the averments of facts in the petition, or for the reason that the facts averred do not make a case entitling the petitioner to it, *mandamus* is not the proper remedy to revise the order of the judge, as we shall show later, but an appeal should be resorted to.

Section 431 reads as follows: "Appeals may be taken to the Supreme Court from the judgment of judges of the circuit and city courts on application for writs of *certiorari, supersedeas, quo warranto, mandamus* and other remedial writs, upon plaintiff or defendant, giving security for the costs of appeal, approved by the judge trying the same, within thirty days from the day of the judgment; but such appeal shall not operate as a *supersedeas* of the judgment, unless bond with sufficient sureties be given by the appellant, payable to the appellee, in such sum as the judge hearing the application shall require, conditioned to pay all damages, thereby sustained." The learned codifier of the Code of 1876, in codifying the act, of which the above quoted section is a substantial copy, erroneously prefaced it "Appeals from denials of remedial writs by circuit judge." This erroneous preface was carried forward into the Codes of 1886 and 1896 in these words: "Appeals from denial of remedial writs." These several prefaces were unwarranted by the title of the original act, which was "To allow appeals to the Supreme Court in certain cases," as well as by the body of the enactment.

It cannot be well doubted that a writ of prohibition is a remedial writ.—High Extr. Leg. Rem., § 762; 19 Am. & Eng. Ency. Law (1st ed.), 263; Code, § 2825.

It seems to be conceded by petitioners that the section of the Code quoted above confers the right of ap-

peal when the preliminary writ is denied. Indeed it
has been so held in several cases.—*Ex parte Grant,* 53
Ala. 16; *Dunn v. Court of County Revenues of Wilcox
Co., 85 Ala. 144; State v. Crook,* 123 Ala. 657. But it
is contended that if the rule *nisi* is awarded by the judge,
the defendant in the application has no right of appeal
under the statute. Such a construction is directly and
palpably in violation of its plain words and to so hold
would not only emasculate it, but would be an unau-
thorized judicial amendment of it, and this too in plain
violation of its letter, spirit and policy. The language
employed is, "Appeals may be taken, etc., upon plain-
tiff or defendant giving security for costs, etc.; but
such appeal shall not operate as a *supersedeas* of the
judgment unless bond with sureties be given by appel-
lant," etc. If the rule *nisi* is denied to the plaintiff
on his application, no necessity exists for his giving
a bond to supersede the order of refusal. So, then, the
provision requiring bond to supersede the judgment, if
the appeal is limited to the plaintiff, was superfluous
and meaningless. If the judge grants the rule and the
defendant wishes to suspend its operation pending his
appeal, the provision confers upon him the right to do
so. This was the purpose of the provision, which is
clearly declared by its language. We entertain no doubt
of the right of the petitioners to appeal from the order
made by Judge Miller.

But it is said, if the right of appeal is conferred by
section 431, it will not and cannot operate so as to im-
pair the right of this court to exercise its constitutional
power of supervision by remedial writs. We do not un-
derstand that the statute has any such effect. It sim-
ply confers a right of appeal, and the question is, does
the right of appeal relieve the necessity for the exer-
cise by this court of its constitutional authority? Or,
to state the proposition in another form, will this court
issue a writ of *mandamus* in this case to correct an
alleged erroneous decision of Judge Miller in issuing the
rule *nisi* which can be revised by appeal? *Mandamus*
being an extraordinary legal remedy, it is never issued
when there is another adequate remedy.—3 Brick. Dig.,
625, § 2. The universal doctrine is, that "*mandamus*

will not lie, when there is a remedy by appeal or writ of error."—13 Ency. Pl. & Pr., 530, and note 2. This doctrine has prevailed in this State since the decision in the case of *The State v. The Judge of the Orphans' Court,* 15 Ala. 740, down to the present time. The cases are too numerous to cite. Many of them can be found by reference to note 2 on page 530 of 13 Ency. Pl. & Pr., and brief of respondent's counsel. The only one that we have been able to find, not in harmony with this universal doctrine, is the case of *Ex parte Candee,* 48 Ala. 386. Petitioner's counsel, who have shown great diligence in their search for precedents, rely upon it and cite no other case. So we feel safe in making the statement that it is the only one which contravenes the general rule. This case has been twice repudiated by this court.—*Ex parte Harris,* 52 Ala. 87; *State v. Tucker,* 54 Ala. 205. It is true the dissent from it was upon another point. But upon the point here involved, there are many cases, since its decision, which practically overrule it, and it can no longer be regarded as an authority. See notably *Ex parte Due,* 116 Ala. 491; *Ex parte Woodruff,* 123 Ala. 99; *Ex parte Farquhar & Son,* 99 Ala. 375; *Bickley v. Bickley,* 129 Ala. 403.

Furthermore, "the writ of *mandamus* is never issued to correct errors in, or to reverse, the judicial action of a court. By that process, inferior courts or magistrates, when they fail or refuse to do so, will be compelled to *entertain and exercise jurisdiction.* They will not be controlled *in the manner of its exercise,* nor directed as to what judgment they will render."—*Ex parte Graves,* 61 Ala. 381; *Ex parte Shaudies,* 66 Ala. 134; *Wilson v. Duncan,* 114 Ala. 659. It is hardly necessary to make application of this principle to the present case. The purpose of this proceeding is so clearly an effort to have us correct an alleged error in or to reverse the judgment or order of Judge Miller granting the rule *nisi,* which, as we have shown, may be done on appeal, that it is unnecessary to say more on this point.

Nor will *mandamus* be granted to command an inferior tribunal to do that, which it could not legally do without such mandate.—*The State v. The Judge, etc., supra.*

[*Ex parte* Howard-Harrison Iron Co.]

After the rule *nisi* was issued, it was the duty of Judge Miller to cause the application, together with his order thereon, to be filed in the office of the clerk of the circuit court of Shelby county, where the application is to be heard.—Code, § 432. After he had acted upon the application and rendered his judgment, by force of the statute, he exhausted his jurisdiction and is wholly without authority to vary, alter or amend it. It then became a cause, pending in the circuit court of Shelby county, over which he has no jurisdiction Indeed, if he was judge of that court, he could not, in vacation, any more vacate it, than he could strike down or otherwise vacate or annul any other proceeding pending in that court.

It is of no consequence that the judgment or order granting the rule *nisi* contains a prohibition against the defendants, these petitioners, from doing the acts or matters complained of in the application until a final hearing of that cause. This would have been the effect of the rule *nisi*.—*Ex parte Ray*, 45 Ala. 20; 16 Encyc. Pl. & Pr. 1139. As the merits of the controversy involved in the prohibition proceedings are not before us, we must decline to express an opinion on any question involving that proceeding.—*Ex parte Due, supra*.

The rule *nisi* heretofore issued by us is discharged, and the peremptory writ of *mandamus* denied.