# Wyker, Treasurer, &c. *v.* Francis.

## *Application for Mandamus.*

1. *Mandamus; right of appeal not affected by issuance of writ.*—The right to appeal from a judgment awarding a peremptory writ of *mandamus* is not affected by the fact that before any appeal had been presented to or filed by the clerk of the court in which the judgment was rendered, a peremptory writ of *mandamus* was issued and served upon the appellant.

2. *Same; appeal bond approved by judge sufficient to authorize appeal.* Where an appeal is taken from a judgment awarding a writ of *mandamus*, an appeal bond taken and approved by the presiding judge within thirty days of the rendition of the judgment as required by the statute, (Code of 1896, § 431; Code of 1886, § 3616) is sufficient as a security for costs of the appeal, notwithstanding section 3160 of the Code of 1886, (Code of 1896, § 2827),

[Wyker, Treasurer, &c. v. Francis.]

provides that such appeal must be taken "as in other cases," which requires the appeal bond to be approved by the clerk of the court; since, although section 3160 was enacted subsequent to section 3616, there is no such conflict between the two statutes as would authorize the repeal of the older by implication, and section 3166, which formed a part of the statute in which was included 3160, provides that nothing in said act shall change any statute in reference to *mandamus proceedings.*

3. *Same; right of holder of a warrant against a municipality to compel its payment by mandamus.*—The owner of a warrant regularly drawn on the treasurer of a municipality, which is made payable out of money in the treasury not otherwise appropriated, and which warrant was duly registered by the treasurer in compliance with an ordinance of the municipality, is, upon the treasurer's refusal to pay such warrant upon presentation, entitled to a writ of *mandamus* against the treasurer to compel him to make such payment; the treasurer having in his hands at the time sufficient funds not otherwise appropriated, over and above what is necessary to pay the expenses of the city government.

APPEAL from the Circuit Court of Morgan.

Heard before the Hon. H. C. SPEAKE.

The appellee, W. R. Francis, filed his application, addressed to the Judge of the Eighth Judicial Circuit, asking for the issuance of a writ of *mandamus* to the appellant, J. D. Wyker, as treasurer of the city of Decatur, commanding him to pay certain claims against the city which the petitioner owned and had presented for payment. The substance of the facts averred in the petition are sufficiently set forth in the opinion. The respondent demurred to the petition upon the grounds: 1st. That the petitioner was not entitled to the writ of *mandamus*, because the funds alleged to be in the respondent's hands as treasurer were not appropriated to the payment of the claims of the petitioner. 2d. That the petitioner's debt or demand was a simple debt against the city, without a lien or force of judgment. 3d. That the petitioner has an adequate remedy by an ordinary action at law for the recovery of his claim. 4th. That the facts averred in the petition show no reason why suit has not been brought against the municipality, and the claim of the petitioner reduced to judgment. This demurrer was overruled, and the respondent duly excepted.

The respondent filed an answer, in which he set up the following facts: "1st. That the allegations and averments in said petition contained are believed by this respondent to be true as therein stated, except as herein stated to be different. 2d. That the money and funds of the city of Decatur that were in the hands of this respondent, and are now in his hands, were money or funds belonging to the general funds of the city. 3d. That the warrants or vouchers held by the relator, the payment of which was demanded as set forth in his petition, were payable out of the general funds of the city of Decatur. 4th. That this respondent did not have in his hands at the time of the demand made by the relator for the payment of his said vouchers, nor has he since had as such treasurer, any special funds set apart or appropriated for the payment of the vouchers held by said relator. 5th. That this respondent had not at the time of the demand made nor has he since had in his hands any special fund out of which to pay said vouchers. 6th. The city of Decatur of which this respondent is treasurer as aforesaid, owes to various and divers persons sums of money aggregating largely more than the amount of money in the hands of this respondent and more than is likely to come into his hands. And to permit the relator in this case to take from the hands of this respondent as said treasurer, said sum of money, would be allowing to him an advantage over other creditors of the said city whose claims are equally as meritorious and entitled to payment as are the demands of the petitioner. 7th. To grant petitioner's petition for *mandamus* would be an invitation to other creditors of said city to resort to like proceedings against this respondent, and would wholly cripple and impair the ability of the said city of Decatur to run its municipal government, and would, in effect, destroy the said city government for want of funds with which to prosecute and carry on its governmental functions. 8th. The funds in the hands of this respondent together with the estimated receipts for the present fiscal year, beginning July 1, 1897, and ending June 30, 1898, are not more than sufficient to pay the running and current expenses of the said city of Decatur during said fiscal year. 9th. That there have been filed and registered with this re-

spondent, warrants and vouchers aggregating $630.71, which said warrants and vouchers were registered prior to the vouchers of the relator in this case. Said warrants and vouchers were registered with this respondent as such treasurer under and by authority of a resolution of the mayor and council of the city of Decatur, adopted on the 9th day of June, 1896. Which said vouchers so registered prior to those of the petitioner, are entitled to be paid before the demands of the said petitioner.''

To this answer the petitioner demurred upon the following grounds : 1. To the 2d and 3d paragraphs of said answer, because the same shows no reason why the warrants held by petitioner should not be paid out of the general funds of the city of Decatur in the hands of the treasurer of said city. 2. To the 4th and 5th paragraphs of said answer, because it is not shown or averred that the warrants of the city of Decatur belonging to petitioner are payable out of a special fund. 3. To the 6th, 7th and 8th paragraphs of said answer, because the averments contained therein state conclusions and arguments of the pleader, and state no facts that would be sufficient reason or excuse why the warrants of said city of Decatur in the hands of and belonging to petitioner should not be paid by the said treasurer. 4. To the 9th paragraph of said answer, because the same fails to show to whom said vouchers or warrants mentioned therein were issued, to whom payable, by whom registered, or who are the owners thereof, and fails to show that any demand by the holders and owners of said warrants was made for the payment of the same before demand made by petitioner, or before the filing of his petition, or before answer made to the petition filed in this cause ; and because it does not appear that that resolution of the mayor and council of the city of Decatur, adopted June 9th, 1896, required the treasurer of said city to pay off warrants in the order of their registration. 5. Because the defenses set up in said answer are inconsistent and repugnant in this : the said answer shows by its averments that the warrants of petitioner are payable out of the general funds of the said city, and that the moneys held by the treasurer at the time of the demand and filing of said petition, and at

the time of his answer belonged to the general fund of of the city, and sets up as a defense that he can not pay off said warrants, because no special fund had been set apart for that purpose, and that he can not pay off said warrants because warrants and vouchers aggregating $630.71 were registered prior to those of petitioner and are entitled to be paid prior to the demands of petitioner, and that he can not pay off said warrants because it would give petitioner an advantage over other creditors of the city of Decatur, and that he can not pay off said warrants because the estimated receipts for the fiscal year, 1897–8, are not more than sufficient to pay the running and current expenses of the said city of Decatur during said fiscal year, and that he can not pay off said warrants because they are payable out of the general funds of the city of Decatur.

The grounds of demurrer numbered 1, 2, 3 and 4 were sustained, and the ground of demurrer numbered 5 was overruled. The other material facts of the case are sufficiently stated in the opinion.

Upon issue joined, the court granted the prayer of the petitioner, and ordered a peremptory writ of *mandamus* to be issued as prayed for. To the rendition of this judgment the respondent duly excepted. The respondent appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

In this court the appellee moved the court to dismiss the appeal upon the following grounds: "1. The appeal was not taken within thirty days after the rendition of the judgment in the circuit court. 2. After the thirty days allowed appellant in which to take an appeal had expired, and before any appeal bond was presented to or filed with the clerk of the circuit court of Morgan county, a peremptory writ of *mandamus* was issued and served upon appellant."

The cause was submitted upon this motion to dismiss the appeal and upon the merits.

D. W. SPEAKE, for appellant.—The petitioner in this case was not entitled to the extraordinary writ of *mandamus*. Under the averments in the petition, his demand could have been covered by an action at law

against the corporation.  This being true, he must adopt such remedy.—2 Dillon on Municipal Corporations, § 831 ; *Connersville v. Connersvills Hydraulic Co.*, 86 Ind. 184; *State v. Snodgrass*, 98 Ind. 546 ; *Jerome v. Com'rs Rio Grande Co.*, 18 Fed. Rep. 873.

No reason is given in the petition why suit could not be maintained against the corporation, judgment obtained, execution issued and levy made upon the property of the corporation, from which petitioner's demand can be satisfied.  There is no presumption that money could not be made out of the corporation upon judgment or upon execution.  Private property of the corporation, such as they own for profit, and which are charged with no public trust, may be sold on execution against it. Such is the law in Alabama.—*Birmingham v. Rumsey*, 63 Ala. 352.

The petitioner, therefore, under the authorities, should have first exhausted this remedy before proceeding to the extraordinary remedy of *mandamus*.  He should first have had judgment against the municipal corporation.— 2 Dillon Mun. Corp., §§ 850, 856, 860, 861.

HARRIS & EYSTER and W. R. FRANCIS, *contra.*—The appeal in this case should have been dismissed on the ground stated in the motion.  The appeal is only completed when the bond is approved by, and filed in the office of the clerk.  Until it is filed with the clerk it is not executed or given.  Like all other written instruments, it is not executed until it is delivered, and the delivery takes place when it is filed in the clerk's office.

The time of the right of appeal being limited to thirty days, and more than thirty days having elapsed from the rendition of the judgment to the time of filing the bond, the appeal comes too late, and should be dismissed.

No benefits accrue to the payee, nor liabilities upon the makers of the bond, or other written instrument, until delivered.—*Lanier v. Russell,* 74 Ala. 364 ; *Ala. C. & N. Co. v. The Stae ex rel.*, 54 Ala. 36 ; *May v. Green,* 75 Ala. 162 ; *Garry v. Jenkins,* 109 Ala. 471.

The duty required of the treasurer of the city of Decatur was purely ministerial.  *Mandamus* was, therefore, the proper remedy to compel the performance of such

duty. The act of payment in such case being a naked, ministerial act, involving no element of discretion, a refusal of the proper officer to make the payment in accordance with the warrant or order, drawn upon him by the proper authority, will justify the interference of the court by *mandamus.*—High on Extraordinary Legal Remedies, § 112.

The contention of appellant that appellee had other legal and adequate remedy than the *mandamus* is not well taken. The remedy must be specific as well as adequate, and the fact that appellee might maintain a suit against the mayor and council on the warrants, or a suit against the treasurer, for damages for refusing to pay the warrants, will not bar the remedy by *mandamus.* A remedy to bar *mandamus* must be not only adequate but specific and appropriate to the particular circumstances of the case.—High on Extraordinary Legal Remedies, § 17 ; *Sessions v. Boykin*, 78 Ala. 328.

DOWDELL, J.—Motion is made to dismiss the appeal in this case on two grounds : *First*, because, as it is contended, the appeal was not taken within thirty days after the rendition of judgment in the circuit court; *second*, because, "after the thirty days allowed appellant in which to take an appeal had expired, and before any appeal bond was presented to or filed with the clerk of the circuit court of Morgan county, a peremptory writ of *mandamus* was issued and served upon appellant." Considering the two grounds in the inverse order as stated above, it is difficult to understand how the *issuance* of the peremptory writ could deprive the appellant of his right of appeal. In the absence of an order of the court suspending the execution of the judgment for a peremptory writ, or of the filing by the appellant (defendant in the court below) of a supersedeas bond, the peremptory writ ordered in the judgment might have been issued within the thirty days. The contention, therefore, that the issuance of the peremptory writ was an execution of the judgment, and having issued before the appeal bond was "presented to or filed with the clerk of the circuit court," is without merit, on motion to dismiss an appeal. Except in such cases as a different time is prescribed by statute, appeals from final judg-

merits and decrees of circuit and chancery courts may be taken at any time within a year from the rendition of the judgment or decree ; and we do not think it could be seriously urged that the *execution* of the judgment or decree within that time would deprive the party complaining of his right of appeal.

Was the appeal taken within thirty days? The judgment appealed from was rendered on the 8th day of November, 1897, and on the 9th, the day succeeding the day of the rendition of the judgment, the following order was made by the presiding judge : ''And now the defendant in said petition appeals and prays an appeal from the decision heretofore rendered in this case. Now on the defendant giving bond in the sum of four hundred and seventy dollars with security to be approved by the presiding judge and conditioned as required by law within thirty days, it is ordered that the said judgment be suspended until a hearing by the Supreme Court.'' The appeal bond required by the foregoing order was executed by the appellant, and approved by the presiding judge on the 8th day of December, 1897, and was conditioned ''to prosecute said appeal to effect and satisfy all costs and such judgment as the Supreme Court may render in this case,'' etc. This bond was indorsed by the clerk of the court as having been filed with him on the 14th day of December, 1897. There can be no doubt as to the bond having been executed by the appellant and approved by the presiding judge within thirty days from the rendition of judgment, by excluding the day of the judgment, November 8th, and including the day on which the bond was approved, December 8th.—Code, 1886, § 11. But it is contended that the presiding judge had no authority to take and approve the bond, that that was the duty of the clerk of the circuit court, and for that reason no security for the costs of appeal was given until December 14th, the date of indorsement of filing by the clerk. There are two sections in the Code of 1886 relating to appeals in proceedings for *mandamus*—3160 and 3616. Section 3160 is as follows : ''From the final judgment of any circuit court, or other court exercising the jurisdiction of such court, in any such proceeding, an appeal shall lie to the Supreme Court as in other

cases ; but such appeal must be taken within thirty days after the final judgment is rendered, and shall be a preferred case in the Supreme Court, and shall be decided at the first term to which it is taken." This section is a part of chapter 13, page 690 of Code of 1886, which relates to proceedings by *mandamus*, prohibition, *certiorari*, and other remedial writs. Section 3616 is as follows : "Appeals may be taken to the Supreme Court from the judgment of judges of the circuit and city courts on application for writs of *certiorari*, *supersedeas*, *quo warranto*, *mandamus* and other remedial writs, upon plaintiff or defendant giving security for the costs of appeal, approved by the judge trying the same, within sixty days from the day of judgment ; but such appeal shall not operate as a *supersedeas* of the judgment, unless bond with sufficient sureties be given by the appellant, payable to the appellee, in such sum as the judge hearing the application shall require, conditioned to pay all damages thereby sustained." This latter section forms a part of chapter 1, page 765 of the same Code, and which relates to appeals from judgments, orders and decrees. The former statute, section 3160, is the more recent enactment of the legislature, and became a law February, 12th, 1879, (Acts, 1878-79, p. 150). It will be observed by comparison of these two sections, that there is an evident inconsistency between the two as to the time prescribed within which an appeal shall be taken. Section 3166, which also forms a part of chapter 13, and was section 9 in the above act of Feb. 12th, 1879, provides as follows : "The common law, as now in force in this State, touching any of the matters embraced in this chapter, is not repealed, but left in full force ; the true intent and meaning of this chapter being to provide a plain, more speedy and less expensive mode of procedure in all cases to which it applies ; nor shall the provisions of this chapter be held to apply to a *certiorari* obtained in the Supreme Court, upon a suggestion of diminution of the record ; nor is anything in this chapter contained intended to repeal, alter, or change any statute of this State, now in force, in reference to proceedings for *habeas corpus* or *mandamus*." The necessities of this case do not require us to determine which statute should prevail as to the time prescribed for taking an appeal,

nor is there any likelihood of this question again arising under these two statutes, since both have been incorporated in the Code of 1896, as sections 431 (3616) and and 2827 (3160), and in each the time prescribed for taking the appeal is the same—thirty days. In all other respects the two sections brought forward in the present Code are unchanged. The two sections 431 and 2827 as now contained in the Code of 1896, are in all respects identical with sections 3616 and 3160 of the Code of 1886, except as to the change made in 3616 as to the time of taking an appeal.

Section 3160 provides, "an appeal shall lie to the Supreme Court as in other cases;" and it is contended by counsel for appellee, that in other cases in which appeals lie to the Supreme Court the clerk takes and approves the security for costs of appeal.—Code, 1886, § 3622. While this may be, it can not be doubted that prior to the act of February 12th, 1879, which enacted into law section 3160, in appeals taken under the provisions of section 3616, that is in *mandamus* proceedings, like the present case, it was the duty of the presiding judge trying the same to take and approve the security for costs of appeal. Does the provision contained in section 3160 above quoted operate a repeal of the provisions contained in section 3616 relating to the mode of taking and approving security for cost of appeal? We think not. There are two ways of repealing a statute, one by express declaration of the legislative will, and the other by implication; the latter, repeal by implication, is not held in favor by the courts. Besides, in this case, we find in section 3166 above quoted, the following provision : "Nor is anything in this chapter contained intended to repeal, alter or change any statute of this State now in force in reference to proceedings for *habeas corpus* or *mandamus*." Section 2833 of the Code of 1896 is identical with section 3166 of the Code of 1886, in which the above provision occurs. There is not such an inconsistency or repugnancy between these two statutes that would warrant the construction of a repeal by implication. Whether the appeal bond in this case was effective as a *supersedeas* bond is not a question presented for decision by the motion to dismiss the appeal. The bond

in this case, whether good as a *supersedeas* bond, and which we do not decide, having been taken and approved by the presiding judge within the thirty days of the rendition of judgment, is sufficient as a security for costs of the appeal. See *Walker v. Hunter*, 34 Ala. 204; *McCollum's Executor*, 33 Ala. 711. The motion to dismiss the appeal must be overruled.

The substantial averments in the petition for a *mandamus* are that the city of Decatur is indebted to the petitioner on certain warrants described in the petition and held and owned by him, which were regularly and legally drawn on the appellant, J. D. Wyker as the city treasurer, and were payable out of money in the treasury not otherwise appropriated; that said warrants were issued for an indebtedness due petitioner by the city of Decatur; that said warrants were duly registered by the appellant as treasurer of said city in pursuance to and compliance with a resolution passed by the mayor and council; that after the registration of the said warrants, petitioner presented each of said warrants to appellant as treasurer and demanded payment of same; that payment was refused by said Wyker as such treasurer; that at the time of the presentation of said warrants for payment there was, and still is, sufficient money or funds of said city in the hands of said Wyker as such treasurer not otherwise appropriated to pay off said warrants. Therefore, petitioner prays etc. To this petition a demurrer was interposed by the defendant, which was overruled by the court below, and the defendant then answered the petition. The answer is divided into paragraphs, which are numbered consecutivily from 1 to 9. Demurrers were sustained to each paragraph being treated as so many distinct and separate pleas, but the fifth ground of demurrer of the petitioner which was directed to the answer as a whole was overruled, and the record then recites that issue was thereupon joined between petitioner and defendant, and it was ascertained and determined by the court, among other things, that the defendant had in his hands sufficient funds not otherwise appropriated and over, and above what was sufficient to defray the current expenses of the city government; and judgment was rendered for petitioner ordering the peremptory writ, etc.

The assignments of error are upon the rulings of the court on the demurrers. The real and only question involved is whether a resort can be had to proceedings by *mandamus* to compel the treasurer of a municipal corporation to pay a warrant duly and legally drawn and issued against the municipality, out of the general funds of the corporation.

It is thoroughly and well settled law that where payment is sought out of a specific fund appropriated and set apart for that purpose, *mandamus* is the proper remedy to compel payment, on refusal by the treasurer, or other proper disbursing officer, upon demand made for payment. On this proposition, the decisions are in harmony and accord. But where payment of a warrant drawn on the treasurer and payable out of the general fund is sought, the authorities are in conflict as to the right of resort to *mandamus*. The general rule is, that where a party has another specific and adequate legal remedy, he is not entitled to a *mandamus*. But this other specific and adequate legal remedy must be against the party to the *mandamus* proceeding. "The plain, adequate and speedy remedy by an ordinary action, which will defeat the right to a *mandamus*, must be a remedy against the respondent in the *mandamus* proceeding, and not against third persons."—Merrill on Mandamus, p. 59, § 53. That the petitioner has a right of action at law on his warrant against the city of Decatur is no sufficient answer for the non-performance of a purely ministerial act and duty by the officer. The rule of practice is, however, different in the Federal courts, where the owner and holder of a warrant drawn on a municipality is required to first reduce his demand to a judgment as the foundation for a *mandamus*.—*Jerome v. Com'rs Rio Grande Co.*, 18 Fed. Rep. 873 ; *Chickaming v. Carpenter*, 106 U. S. 663. We can see no good reason in this rule. If the municipality admits its indebtedness, which it does, when through its proper officers, the claim or demand is duly audited and allowed, and a warrant therefor is ordered to be drawn, and is properly drawn on its treasurer, the question might well be asked, why put the owner and holder of such warrant to the circuity of an action at law on the warrant against the city or

municipality, before applying for a *mandamus* against its treasurer to compel him to discharge a simple ministerial act of payment, which the proper municipal authority has already ordered him to perform? Of course, the reasoning would not apply, where a claim or demand against the city, no matter how just, had not been audited and allowed and a warrant drawn therefor. In such a case, no one doubts but that the demand must first be reduced to judgment; until this is done or a warrant has been drawn, or the treasurer has in some other mode been authorized and directed to pay, no duty is imposed on the treasurer to pay. "The act of paying a demand or claim against a municipal corporation, after it has been duly audited and the amount fixed, like the act of drawing a warrant upon the disbursing officer, is regarded merely as a ministerial duty, unattended with the exercise of any judgment or discretion, and hence subject to control by *mandamus*."—High on Extr. Legal Rem., § 356. "A writ of *mandamus* will lie to compel a public disbursing officer to pay accounts out of the public funds in his hands, when such accounts have been allowed by the proper officers or tribunals, and no duty devolves upon him except the ministerial duty of making the payment." Merrill on Mandamus, § 136. See *State v. Treas. Callaway Co.*, 43 Mo. 228; *Ray v. Wilson*, 29 Fla. 342; *State v. Gandy;* 12 Neb. 232; *Baker v. Johnson*, 41 Me.. 15; *Hendricks v. Johnson*, 45 Miss. 644; *People v. Edmunds*, 19 Barb. 468; *Johnson v. Campbell*, 39 Tex. 83.

Mr. Dillon, in his work on Municipal Corporations, asserts a seemingly contrary doctrine. In Vol. 2, section 850 (3d ed.), he says: "We have seen that it is a general rule, relating to the writ under consideration, that it will not lie if there be a plain and complete remedy by the more ordinary processes of the law; and this principle has been applied to this mode of compelling municipal corporations to meet their liabilities and obligations. Therefore, it has been generally, but not uniformly, held, if the creditor may bring suit against the corporation and obtain a judgment, which may be enforced and rendered effectual by ordinary execution, that *mandamus* will not lie to compel payment in advance of judgment obtained, and this view is the one most consis-

tent with principle." It will be observed that the learned author speaks in general terms of the "liabilities and obligations" of the corporation. Any just claim or demand might and would constitute a liability, but until audited and allowed and ordered paid by the proper officers of the municipality, or reduced to judgment, could not be the foundation for an application for a *mandamus.* So also a bond of the corporation would be a *liability* or *obligation,* and if no specific fund be appropriated and set apart for its payment, could not be the foundation for such application, in the absence of an order for its payment by the proper municipal authority, or until reduced to judgment. The particular question involved here of the right to resort to this remedy to compel the payment of a *warrant* or *voucher* properly drawn or issued against the municipality is not considered or discussed by him.

In the case of *Sessions & Leary v. Boykin,* 78 Ala. 328, Justice CLOPTON, rendering the opinion, uses the following language : "It may be conceded, that where a warrant, though drawn by the proper officer, is payable out of the general funds of the county, a *mandamus* will not lie to compel its payment ; but the party will be left to his remedy on the official bond of the officer, or by action on the case." Taking the whole context of that opinion, we do not understand that the above excerpt from the opinion was intended as an assertion that such is the law. It was more in the nature of an answer to argument. Besides, the question involved in that case was one of payment of a claim out of a specific fund set apart for the purpose by the statute, and did not call for a determination of the legal proposition contained in the statement above quoted. It is well, however, to note here that in the above case it was decided that "an action on the case against the treasurer, or an action on his official bond, affords pecuniary compensation, but does not compel performance of the specific duty." Notwithstanding the purpose and object of the application for the writ in that case was to compel the *payment* of a claim—which in reality was nothing less than pecuniary compensation.

The contention by counsel for appellant, that appellee has a remedy, by action on the case against appellant,

[McCarver v. Herzberg.]

or an action on his official bond "if he is a bonded officer," is not good. "Such other remedy must be adequate. Such remedy is adequate when it reaches the end intended, and actually compels the performance of the duty which has been neglected or refused. It must apply to the case, and afford the particular right to which the party is entitled. Anything which falls short of that is not adequate or complete. The indictment of the officer, or an action on the case for damages for neglect of duty, generally does not accomplish the performance of the neglected duty, and is not an adequate remedy."—Merrill on Mandamus, § 53, citing number of authorities.

We, therefore, hold that the owner of a warrant which has been duly and legally issued by a municipal corporation, after demand and refusal of payment by the treasurer, he having in his hands at the time sufficient funds not otherwise appropriated, and over and above what is necessary to defray the current expenses of the city government, is entitled to a writ of *mandamus* against the treasurer to compel such payment.

The rulings of the circuit court are free from error and the judgment is affirmed.