# Lusk *v.* Capehart.

*Proceedings under Petition for Certiorari.*

1. *Certiorari; appeal must be taken from judgment within thirty days; jurisdiction can not be conferred without consent.*—The provisions of the statute prescribing that an appeal from a judgment in a *certiorari* proceeding must be taken within thirty days from the rendition thereof, (Code, § 2827), is mandatory; and it is not competent for parties by agreement to alter or extend the provisions of said statute. Therefore,

[Lusk v. Capehart.]

where an appeal is taken from a judgment in such a proceeding after the lapse of thirty days, it will be dismissed by the court *ex mero motu*, although there was an agreement between the parties seeking to extend the time; it not being competent to confer jurisdiction by consent.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. J. A. BILBRO.

The proceedings in this case were had in a controversy between L. D. Lusk and S. C. Capehart over the right to establish and operate a ferry at Gunter's Landing in Marshall county, and originated in the commissioners court of said county. After the rendition of a decree by said commissioners court granting to said S. C. Capehart a license to establish and operate a ferry at said Gunter's Landing, L. D. Lusk filed a petition, addressed to the judge of the city court of Gadsden, asking for a common law writ of *certiorari* to be issued, returnable to the circuit court of Marshall county, for the purpose of reviewing the proceedings had before the commissioners court wherein the said ferry license was granted. After the return of the writ of *certiorari* and upon the hearing of the cause, a judgment was rendered in the circuit court of Marshall county, confirming the decree of the commissioners court and dismissing the *certiorari*. This judgment was rendered on April 22, 1899, and it is from this judgment that the present appeal is sought to be prosecuted by the petitioner, L. D. Lusk. Under the decision on the present appeal, it is unnecessary to set out the facts of the case in detail.

O. D. STREET, for appellant.

B. COWAN, *contra*.

DOWDELL, J.—This was a proceeding by petition in the circuit court of Marshall county for a common law writ of *certiorari* for the purpose of reviewing certain proceedings had by the commissioners' court of said county in the granting of a ferry license. The appeal is taken from the final judgment of the circuit court rendered by said court on the hearing of said petition, and

which purports to have been rendered on the 22nd day of April, 1899. The record shows that on September 1st, 1899, an agreement was entered into by counsel whereby it was agreed, "that the decree rendered by the court shall bear date as of April 22nd, 1899, which was the last day of the spring term, 1899, of said court, and that said petitioner, L. D. Lusk, may within thirty days from the date of this agreement file the necessary appeal bond or bonds, but said bonds shall be dated, filed and approved as of any date between April 22nd, 1899, and May 22nd, 1899, and said appeal shall be treated as though said decree was actually rendered on April 22nd, 1899, and as though such bonds were filed and approved within thirty days after April 22nd, 1899, and appeal taken in pursuance of this agreement shall be treated as in all respects regular." It is thus shown by the record that the appeal in this case was taken more than thirty days after the rendition of said judgment. Section 2827, Code of 1896, relating to appeals in such cases, is as follows: "From the final judgment of any circuit court or other court exercising the jurisdiction of such court, in any such proceeding, an appeal shall lie to the Supreme Court as in other cases; but such appeal must be taken within thirty days after the final judgment is rendered, and shall be a preferred case in the Supreme Court, and shall be decided at the first term to which it is taken." The provision in this statute, relating to the time within which the appeal must be taken, is clearly mandatory, and it is not competent for parties by agreement to alter, change or extend the provisions of said statute. The appeal not having been taken within the time required by the statute, this court is without jurisdiction to hear and consider the same.—Elliott's App. Proc., §§ 111, 112; *Holzclaw v. Ware,* 34 Ala. 307; *Gardner v. Ingram,* 82 Ala. 339.

The appeal is dismissed.