[Mayfield, et al. v. Court of County Com. Tuscaloosa County]

# Mayfield, *et al. v.* Court of County Com. Tuscaloosa County.

*Certiorari of Stock Law Petition from Commissioners' Court to Circuit Court.*

(Decided May 17, 1906.  41 So. Rep. 932.)

1. *Appeal; Security for Costs; Approval.*—In applications for writs of certiorari where the appeal is from the order of the judge awarding or denying the rule nisi, it must be taken under § 431 of the Code of 1896, and the security for costs must be approved by the judge; where the appeal is from a final judgment of the court on the application for certiorari, it must be taken under § 2827 and the security must be approved by the clerk of the court.

2. *Same; Execution of Security.*—When no supersedeas is asked for, but security for cost merely is given, it is not necessary that the appellants be bound thereby; it is enough that the surety acknowledges himself as such for the costs of appeal.

3. *Ceriorari; When it Lies.*—Certiorari is the proper remedy for reviewing an order entered by the commissioner's court establishing a stock law district under the acts of 1894,5, p. 749, where it is alleged that the order is void on its face.

4. *Courts; Inferior Jurisdiction; Clerical Error in Order.*—It being required under Acts 1894-5, p. 749, that the notice of application for the establishment of a stock law district be posted in three public places, and the order of the commissioner's court reciting that it was posted in "The public places," it is apparent on its face, that it is a clerical error, and as such does not render the order void as failing to show compliance with the provision of the act necessary to give such court jurisdiction to act.

5. *Animals; Stock Laws; Judgments; Description of District.*—Under the act permitting the establishment of stock law districts in Tuscaloosa County (Acts 1894-5, p. 749) and requiring that the order establishing the district shall define its boundary line, an order is sufficient which describes the district as all the territory embraced in the boundaries of beat 20 in Tuscaloosa county known as Crossland's beat.

[Mayfield, et al. v. Court of County Com. Tuscaloosa County]

6. *Same; Repeal of Local Act.*—The acts of 1894-5, p. 749 authorizing the commissioners court of Tuscaloosa county to establish stock law districts in said county on certain conditions, is a local act and is not repealed by the general acts of 1903, p. 431, under the express provisions of said latter act.

APPEAL from Tuscaloosa County Court.

Heard before HON. H. B. FOSTER.

Certiorari by J. W. Mayfield and others against the court of county commissioners of Tuscaloosa county. From an adverse judgment, petitioners appeal.

J. J. MAYFIELD, C. B. VERNER, and R. T. NABORS, for appellant.—The contention of appellant is, that the order of the commissioners' court is void on its face and should be vacated. Certiorari is the proper remedy.—*Stanfield v. Dallas County*, 80 Ala. 287. The county commissioner's court is one of inferior and limited jurisdiction and its records must affirmatively show the facts upon which its authority depends.—*Joiner v. Winston*, 68 Ala. 149; *Henry v. Cohen*, 66 Ala. 383; *Flowers v. Grant*, 129 Ala. 235. These facts are not presumed or inferred from the exercise of jurisdiction or authority.—*Gunn v. Howell*, 27 Ala. 464; *Owen v. Jordan*, 27 Ala. 608; *Corey v. Dennis*, 93 Ala. 440. The order is void for several reasons: 1st, it is not shown that notices were published at three public places, and this defect is not cured by the recital that the notice was given as provided by law.—*Corey v. Dennis, supra; Myer v. Keith*, 99 Ala. 519. 2nd, the order fails to describe the boundary line of the district established and this was fatal. —*Duncan v. Ashcraft*, 121 Ala. 552; *Appling v. Stovall*, 122 Ala. 398; *Motes v. Carter*, 73 Ala. 553.

ROBINSON BROWN, for appellee.—The appeal should be dismissed.—§§ 27-28, Code 1896; *Lusk v. Capehart*, 30 So. Rep. 31; *Ahlrich v. Cullman*, 31 So. Rep. 1035; *Smith v. Gordan*, 35 So. Rep. 58. Although this is a court of limited jurisdiction when once the jurisdiction of the court has been established over the subject matter and over the parties, the same presumptions are indulged in favor of the regularity of its actions as are in-

dulged relative to courts of general use, and its judgments are unassailable by collateral attack.—7 A. & E. Ency. of Law, (2nd Ed.) pp. 983 and 1009; 17 A. & E. Ency. of Law, pp. 1055-6. It is expressly admitted that the petition was sufficient.

DENSON, J.—This is a proceeding by common-law certiorari, commenced by the appellants, J. W. Mayfield and others, for the purpose of reviewing and having quashed an order made by the court of county commissioners of Tuscaloosa county establishing a stock law district in said county. On the first hearing in the Tuscaloosa county court, Hon. Henry B. Foster, judge presiding, it was adjudged on the 24th day of January, 1906, that the petitioners were not entitled to the relief prayed for, and the petition for certiorari was dismissed, at the costs of the petitioners. On the 6th day of February, 1906, was filed with the clerk of the Tuscaloosa county court a paper in these words and figures:

"J. W. Mayfield et al. v. Commissioners' Court, et al. County Court. I hereby acknowledge myself security for costs in the appeal of the above-entitled cause to the Supreme Court. Feby. 2nd, 1906. C. N. Verner.

"Approved Feby. 6th, 1906. B. B. Cooper, Clerk.

"Filed in office 6th day of Feby., 1906. B. B. Cooper, Clerk."

No other security for costs was given. Motion is made here by the appellees to dismiss the appeal on the several grounds set out in the motion.

The principal ground in the motion is that "appeals in proceedings of this character cannot be taken by having the security for costs approved by the clerk, but security for costs must be approved by the judge trying the cause, and that within thirty days from the judgment." This ground of the motion and the argument in support of it are predicated on section 431 of the Code of 1896, which provides: "Appeals may be taken to the Supreme Court from the judgment of judges of the circuit and city courts on applications for writs of certiorari, supersedeas, quo warranto, mandamus and other remedial writs, upon plaintiff or defendant giving security for the costs of appeal, approved by the judge trying the

same, within thirty days from the day of the judgment."
Section 2827 of the Code of 1896 provides: "From the
final judgment of any circuit court or other court exer-
cising the jurisdiction of such court, in any such pro-
ceeding (mandamus, prohibition, certiorari and other
remedial writs of a supervisory nature), an appeal
shall lie to the Supreme Court as in other cases; but
such appeal must be taken within thirty days after the
final judgment is rendered." In the case of *Ex parte
Campbell*, 130 Ala. 171, 30 South. 385, it is held that an
appeal will lie under section 431 of the Code of 1896
from an order of a judge either denying or granting a
rule nisi in proceedings of the kind we have in hand.
This ruling gives a field of operation for both statutes
set out above. When the appeal is from the judgment
of the judge awarding or denying the rule nisi, the ap-
peal must be taken under section 431, and in that event
the security for cost must be approved by the judge.
But when the appeal is from the final judgment of the
court, as is the case here, the appeal must be governed by
section 2827 and the security for costs must be approved
by the clerk of the court.

But it is insisted by appellees that the paper pur-
porting to be security for costs is insufficient, because
the names of the appellants do not appear on it and it
does not purport to create any liability on them. No
supersedeas was asked for, and, when security for costs
merely is given, it is only necessary that the surety
should acknowledge himself as such for the costs of the
appeal in the particular case.—*Spencer v. Thompson*,
24 Ala. 512; *Crump v. Wallace*, 27 Ala. 277; *Satter-
white's Case*, 28 Ala. 65; *Marshall v. Croom*, 50 Ala.
479. It follows that the motion to dismiss the appeal
is not well made, and it is overruled.

The Legislature in 1895 passed an act authorizing the
commissioners' court of Tuscaloosa county to establish
districts in which stock may be prevented from running
at large.—Acts 1894-95, p. 749. Section 2 of the act
provides that: "Whenever any ten freeholders petition
said court in writing stating that they desire an order
to be made establishing a district wherein stock may not
be allowed to run at large, fully describing such dis-

trict, that said petition must be filed with the probate judge of said county at least thirty days before the next term of the commissioners' court and said probate judge must cause a notice of said application to be posted at the office of said judge, and copies of said notice to be posted in three public places in the dictrict described in the application or petition, and if a newspaper is published in said county, at least one notice of the said publication shall be given in such paper of the day of hearing such application." It is conceded by the appellants that the petition filed with the probate judge in this instance to establish the stock law district in beat 20 conformed to the requirements of the act in its allegations.

But it is insisted that the order made by the commissioners' court is void on its face. If this insistence is well made, then certiorari is the proper remedy, no other remedy being provided for, and the order should be annulled.—*Stanfill v. Court of County Revenue of Dallas County,* 80 Ala. 287. Section 3 of the act provides: "That said court of county commissioners, at the next regular term thereof after said application is filed, must, if such petition or application is filed thirty days before the term commences, and such notices are posted as above provided, hear the petitioners and any person that may be opposed thereto, and if such court is satisfied that a majority of the land owners or freeholders who reside in and who own land situated in said proposed district, and who are over the age of twentyone years, are in favor of said district being established, then said commissioners' court must make an order granting said petition or application, and shall describe in said order, on the minutes of said court, the bound ary lines of said district so established, said order to go into effect thirty days after it is made."

It cannot be disputed that the commissioners' court, in the exercise of the power conferred on it by the act, must be esteemed a court of limited jurisdiction, and to uphold its proceedings under the act its records must affirmatively show the existence of the facts upon which its jurisdiction or authority to act rests.—*Flowers v. Grant,* 129 Ala. 275, 30 South. 94; *Stanfill v. Com-*

*missioners,* 80 Ala. 287. In this respect the jurisdiction conferred by the act is akin to the power conferred on the commissioners' court to establish roads. In those cases in which the power of that court to establish roads has been invoked, it is held that the court is one of limited jurisdiction, and its proceedings, to be valid, "must show upon their face affirmatively, that the court has acquired jurisdiction of the subject-matter by taking those preliminary steps directed by the statute, in cases providing for its action."—*Molett v. Keenan,* 22 Ala. 484; *Commissioners v. Hearne,* 59 Ala. 371; *Keenan v. Commissioners,* 26 Ala. 568. In *Commissioners' Court of Lowndes Co. v. Bowie,* 34 Ala. 461, a road case, the minute entry affirmed that it appeared by proof made that thirty days' notice of the application had been given, by the advertisement posted up at the court-house door and at three other public places in Lowndes county, according to law. It was objected to the record that it did not show at what places the notice was posted, by whom it was signed, or what it contained, or how long it remained posted up. The court said: "The contents of the notice sufficiently appear in the assertion that notice of the application was given. There was no necessity for designation of the public places at which the notices were posted up. It is enough that they were posted up at public places."

It is next insisted that the record fails to show that the notice was posted at the number of places prescribed. The point of attack in this respect is that the order shows that the notice was posted at "the public places," not "three public places." In view of the fact that "three" is the number of places provided by the law, and the record does recite "that notices had been duly given of the filing and day set for hearing said petition by posting notices at office of the probate judge, the public places in said beat, * * * all for thirty days prior to this date as required by law," we think we violate no rule of construction in holding that the appearance of the word "the," instead of "three," in the order, is a self-correcting clerical misprision, and does not affect the validity of the order.

There is no merit in the contention that the order fails to mark the boundary lines of the district established by the court wherein stock may not be permitted to run at large. The district established is described as all the territory embraced within the boundaries of beat No. 20, Tuscaloosa county, known as "Crossland's Beat." This, we think, substantially complies with the requirements of the statute.

· ·The act of the Legislature involved in this case, being a local act, is not affected by the act approved September 29, 1903, which authorizes the court of county commissioners in the several counties of the state to cause elections to be held in such counties, or parts thereof, for the establishment of separate stock law districts.— Gen. Acts 1903, p. 431; *Maxwell v. State,* 89 Ala. 150, 7 South. 824; *State ex rel. Tyson v. Houghton,* 142 Ala. 90, 38 South. 761.

There is no merit in any of the other points made by the appellants against the order of the commissioners' court.

There is no error in the record, and the judgment of the trial court is affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.