(89 South. 788)

**LONG, Judge, v. WINONA COAL CO. (6 Div. 409.)**

(Supreme Court of Alabama.  May ,12, 1921. Rehearing Denied June 30, 1921.)

Mandamus &#x21DD;187(2)—Order to show cause in mandamus proceeding held not appealable as a "judgment."

Order in mandamus proceeding that "an alternative writ or rule nisi" be granted, and that defendant "is hereby commanded to show cause" at specified time and place why writ should not issue, *held* not appealable, notwithstanding Code 1907, § 2843, authorizing appeals from judgment on application for mandamus, such order not being a "judgment" within such statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Judgment.]

McClellan, J., and Anderson, C. J., dissenting.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Petition by the Winona Coal Company for mandamus to be directed to E. W. Long, as Judge of Probate of Walker County, requiring him to receive and record certain certificates amending the charter of the corporation which had been filed with him, but which he had refused to receive. From the order set out in the opinion, the respondent appeals.  Appeal dismissed.

Bankhead & Bankhead, of Jasper, for appellant.

The judge of probate was justified in declining to receive and file the certificate since the act (Acts 1919, p. 698), under which it was proposed to be filed, was violative of sections 229–234, 237, Const. 1901; 9 Ohio Dec. 627; 96 Ala. 238, 11 South. 428, 17 L. R. A. 375; 87 Ala. 725, 6 South. 702, 6 L. R. A. 218; 97 Ala. 111, 12 South. 377, 38 Am. St. Rep. 151; 83 Ala. 604, 2 South. 727; 190 Ala. 388, 67 South. 510; 172 Ala. 232, 55 South. 193.  The order will support an appeal.  Sections 2843, 4866, Code 1907; 130 Ala. 177, 30 South. 385; 148 Ala. 548, 41 South. 932; 129 Ala. 599, 30 South. 31; 151 Ala. 561, 44 South. 465; 199 Ala. 482, 74 South. 937; 204 Ala. 40, 85 South. 564; 186 Ala. 642, 65 South. 287; 123 Ala. 657, 27 South. 334.

A. F. Fite, of Jasper, for* appellee.

Mandamus was the proper remedy.  69 Ala. 311; 114 Ala. 659, 21 South. 1017; 133 Ala. 348, 32 South. 11.  Acts 1919, p. 698, was within the province of the Legislature to enact and its provisions were complied with, sufficient notice was given and it was the duty of the judge of probate to receive and record it.  See authorities cited on the appeal of Randle v. Winona Coal Company, ante, p. 254, 89 South. 790, in appellee's brief.

PER CURIAM. The Winona Coal Company filed a petition in the circuit court of Walker county, seeking to mandamus the judge of probate of said county, requiring him to receive, file, and record a certain certificate offered to him for that purpose by the president and secretary of said company. Upon the presentation of this petition one of the judges of said circuit court entered the following order:

"Upon consideration, it is ordered and adjudged that an alternative writ or rule nisi be and is hereby granted as prayed in said petition and that said judge of probate, the Honorable E. W. Long, is hereby commanded to show cause in said circuit court of Walker county, Alabama, to wit, at 10:00 o'clock a. m., on the 4th day of April, 1921, why he should not be required to file and record said certificate."

This is the only order of any character in the record, and from this order the appeal is prosecuted.

It is manifest there is no judgment of the court upon which an appeal can be predicated. We are aware of no statute authorizing an appeal from the issuance of an order of this character, which, as we construe it, is but an order to show cause and nothing else. The question is a jurisdictional one, and it is the duty of the court to dismiss the appeal ex mero motu.  Coker v. Fountain, 200 Ala. 95, 75 South. 471; Wise v. Spears, 200 Ala. 695, 76 South. 869.

The appeal will be dismissed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

On Rehearing.

PER CURIAM. Counsel for appellee, after dismissal of the cause, filed an extended brief, seeking a reconsideration of the judgment of dismissal, and insists that the foregoing holding is erroneous.  Reliance is had upon the provisions of section 2843 of the Code of 1907, authorizing appeals "from the judgment of the judges of the circuit and city courts and county courts of law and equity, on application for writs of certiorari, supersedeas, quo warranto, mandamus, and other remedial writs," and the cases of Ex parte Campbell, 130 Ala. 177, 30 South. 385, Mayfield v. Court of County Commissioners, 148 Ala. 548, 41 South. 932, as well as other authorities, which will be hereinafter noted, are cited.

Ex parte Campbell dealt with the granting of the rule nisi on application for a writ of prohibition.  The order of the judge granting the rule expressly prohibited the respondents

to the petition from issuing and selling the bonds described therein, as well as from doing anything enjoined upon them under the provisions of the act there in question. This was of course a judgment entered by the judge in granting the rule, and came clearly within the provisions of the foregoing section of the Code. The opinion points out that in cases of that character, although this specific language may not have been embraced within the order for the rule nisi, yet the granting of the rule itself in prohibition cases would have had the same effect, citing Ex parte Ray, 45 Ala. 20, and 16 Ency. of Plead. & Prac. 1139, which fully sustain this view. The Campbell Case therefore cannot be considered an authority against the conclusion here reached.

The case of Mayfield v. Court of County Commissioners, supra, dealt with a petition for certiorari, which was dismissed, and is without direct application to the instant case, and is only relevant in its reference to the Campbell Case, supra, and to the provisions of the Code concerning appeals. Sections 2843 and 4866, Code 1907.

The case of Smith v. Gordon, 138 Ala. 181, 35 South. 58, cited in brief, was a final judgment in a mandamus proceeding. The case of Lusk v. Capehart, 129 Ala. 599, 30 South. 31, was an appeal from a final judgment on petition for certiorari. Commissioners' Court v. State ex rel. Bowlin et al., 151 Ala. 561, 44 South. 465, was for the granting of the rule nisi on a petition for a writ of prohibition, and comes within what was said in regard to Ex parte Campbell, supra. McLendon v. Empire Mining Co., 199 Ala. 482, 74 South. 937, was from a judgment granting a peremptory mandamus. Mills v. Court of County Commissioners, 204 Ala. 40, 85 South. 564, was from a final judgment upon a petition for certiorari. Alabama Interstate Power Co. v. Mt. Vernon-Woodbury, etc., Co., 186 Ala. 622, 65 South. 287, involved several appeals, one of which was a writ of prohibition, which has been previously discussed. State ex rel. Crow v. Crook, 123 Ala. 657, 27 South. 334, was an appeal from a final order in a mandamus proceeding rendered by a judge in vacation, which was held unauthorized, the judgment void, and the appeal dismissed.

In Boraim v. Da Costa, 4 Ala. 393, speaking of the practice prevailing in this state as to mandamus proceedings, the court said that it is usual when the applicant has made out a probable cause to grant a rule upon the defendant to show cause why the writ should not issue. In Merrill on Mandamus, § 250, it is pointed out that it is proper that the court should enter a rule to show cause why the writ should not issue, or an alternative writ be granted, and that it is discretionary with the court as to which order it will grant. The court may grant an alternative writ in the first instance, if it deems it more conducive to public justice, and to prevent delays. Life & Fire Ins. Co. v. Adams, 9 Pet. 571, 9 L. Ed. 234. An alternative writ of mandamus commands the defendant to do the thing required, or show cause why it should not be done, and to this writ the defendant must either do the thing required, demur, or make return. Swan v. Gray, 44 Miss. 393; Potts v. State, 75 Ind. 336. The rule or order to show cause is not considered a pleading in mandamus proceedings, and it has been held that it need not comply with the statutory requirements relating to the alternative writ. 36 Cyc. 471. See, also, Spelling, Extraordinary Relief, vol. 2, 1365-1369.

Where merely a notice to show cause is issued, it is in the nature of a summons or citation, and nothing more. 26 Cyc. 472. It is stated that the general practice is for the issuance of an alternative writ ex parte on filing of the petition without a prior order to show cause, but, as shown in Da Costa's Case, supra, the usual practice in this state is to first enter an order to show cause.

In the New York courts it has been held that an alternative mandamus is in the nature of an order to show cause, and, as it does not affect any substantial right, determining nothing against the respondent or in favor of the relator, it will not support an appeal. People ex rel. Levenson v. O'Donnell, 99 App. Div. 253, 90 N. Y. Supp. 961; 26 Cyc. 502.

An alternative writ of mandamus usually commands the respondent to do the thing required, or show cause why it should not be done. The granting of such a writ may, under certain circumstances, be considered a judgment within the meaning of section 2843 of the Code, but, as before stated, the judge may in his discretion grant a rule to show cause, and set the matter down for hearing without the issuance of the further order, or he may grant the alternative writ with directions to the respondent concerning the matter in controversy. If he merely grants the rule to show cause, it serves only the purpose of a summons or citation, determines no matter of substantial right, either in favor of the relator or against the respondent.

It therefore clearly appears that merely a rule of this character could not be considered in the nature of a judgment of the judge within the meaning of the above-cited statute. Indeed, the statute referred to proceeds to state that such an appeal shall not operate as a supersedeas of the judgment unless bond is given, which language alone would very strongly indicate that any such judgment from which the respondent could prosecute an appeal must be one involving some substantial right, or from which he could suffer some inconvenience or injury.

In the instant case the circuit court merely granted the rule to show cause. This, and nothing more. It was but a citation to appear

on a certain day, of no more benefit to the one party or injury to the other than a summons in an ordinary action at law.

Our research discloses no case of an appeal from a rule of this character, and we have previously pointed out that none of the authorities cited by counsel for appellant go to this length. The court has adjudged nothing, has made no ruling whatever, and there has therefore been no judgment of the judge from which the appeal may be prosecuted. ·

From what we have said in regard to the alternative writ of mandamus, as well as other illustrations which may be found in the citations here noted, there is ample room for the operation of section 2843 without giving application to a situation as here presented.

After an examination of the authorities, therefore, we are persuaded that the original view announced is correct, and that the appeal should be dismissed.

Appeal dismissed, and application for rehearing denied.

SAYRE, SOMERVILLE, GARDNER, THOMAS, and MILLER, JJ., concur.

McCLELLAN, J. (dissenting). · In my opinion this appeal should not be dismissed; that to dismiss it is, among other unjustifiable effects, to overrule Ex parte Campbell, 130 Ala. 171, 182, 183, 30 South. 385, and Mayfield v. County Com'rs, 148 Ala. 548, 550, 551, 41 South. 932. There is no reason to overturn the settled practice under which this appeal was taken. The error of the dismissal now entered is further emphasized by the fact that Code 1896, § 431, as construed in Ex parte Campbell, supra, was readopted as section 2843 of the Code of 1907, whereupon the construction then given section 431 of the Code of 1896 has been made a part of the present section 2843. 11 Mich. Dig. Ala. Rep. p. 1114, collating numerous authorities. This very material feature has not been accorded deserved effect in this cause.

In Ex parte Campbell, supra, it was plainly decided that the judicial act of ordering rule nisi to issue was a "judgment" within the purview of Code 1896, § 431, now Code 1907, § 2843; and the correctness of this view is further confirmed by the provisions of Code 1896, § 432, now Code 1907, § 2844, to which reference is made in the Campbell Case opinion at page 185 of 130 Ala., at page 385 of 30 South. In the Mayfield Case, supra, the court was careful, as it ought always to be, to discriminate the initial statutory function of the judges from the like function of the court—this in accordance with the like discrimination fully stated at page 185 of 130 Ala., at page 385 of 30 South. Since a rule nisi is a rule nisi whether it issues in a proceeding for mandamus, prohibition, certiorari, or otherwise, there is no foundation upon which to rest a distinction between rules nisi in such several proceedings.

Reading the present order of dismissal in the light of the Mayfield Case, 148 Ala. p. 551, 41 South. 932, one rather startling effect is to leave section 2843 no operation whatsoever, since it was held in the Mayfield Case, supra—and that ruling is not now questioned—that from the "final judgment" of the court (not the judge) on petitions for mandamus, prohibitions, etc., a right of appeal is provided by Code 1896, § 2827, now section 4866 of the Code of 1907, a statute also readopted, without change, in the Code of 1907. 11 Mich. Dig. Ala. Rep. p. 1114. I, therefore, dissent from the dismissal of this appeal.

ANDERSON, C. J., concurs in the foregoing opinion.