(94 South. 66)

FOUNTAIN, Judge of Probate, v. STATE ex rel. HYBART et al. (1 Div. 259.)

(Supreme Court of Alabama. Nov. 27, 1922.)

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Petition by the State of Alabama, on the relation of C. L. Hybart and F. W. Hare, for writ of mandamus to M. Mc. Fountain, as judge of probate and ex officio president of the board of revenue of Monroe County. From a judgment granting the writ, respondent appeals. Appellees move to dismiss the appeal. Motion to dismiss overruled.

Barnett, Bugg & Lee, of Monroeville, for appellant.

Counsel argue that the motion to dismiss the appeal should be overruled, and cite 57 South. 818.

Powell & Hamilton, of Greenville, for appellees.

The appeal in this case must be governed by section 2843 of the Code, and the judgment will not be superseded unless the appellant give bond in such sum as the judge who tried the case may require. 120 Ala. 509, 24 South. 895.

PER CURIAM. The motion is overruled upon the authority of Mayfield v. Comr. Court, 148 Ala. 548, 41 South. 932.

McCLELLAN, J. (concurring). The motion to dismiss this appeal from the final judgment of the circuit court awarding the writ of mandamus directed to the appellant is based upon the view that the appeal is abortive because the security for cost of appeal was taken and approved by the circuit clerk under Code, § 4866, instead of the circuit judge, who heard the cause, under Code, § 2843, relying upon Wyker v. Francis, 120 Ala. 509, 24 South. 895. In the respect that decision referred the authority for that appeal to Code, § 431 (now section 2843), justifying the approval there of the appeal bond by the judge, it is an erroneous deliverance; subsequently in effect overruled in Ex parte Campbell, 130 Ala. 171, 30 South. 171, and in Mayfield v. County Comrs., 148 Ala. 548, 41 South. 932. It was authoritatively decided in these later cases that under Code, § 2843 (then section 431), the appeal there authorized was from the judgments of the judges, not the courts, "on applications for writs of certiorari, * * * mandamus, and other remedial writs"; the security for costs of appeal should be approved by the judge, not the courts for which under our system the clerks perform that service; and also that, if the appeal is from a final judgment of the court in proceedings in certiorari, mandamus, etc., the security should be taken and approved by the clerk, as was done in the present instance. This important distinction was not observed in the Wyker-Francis Case, supra, and hence its erroneous pronouncement. In the Mayfield Case, supra, following the pertinent doctrine of Ex parte Campbell, supra, it was aptly said:

"When the appeal is from the judgment of the *judge awarding or denying* the *rule nisi,* the appeal *must* be taken under section 431 [now section 2843 of the Code of 1907], and in that event the security for cost must be ap-

proved by the *judge*. But when the appeal is from the *final judgment* of the *court*, * * * the appeal must be governed by section 2827 [now section 4866, Code of 1907], and the security for costs must be approved by the clerk of the court." (Italics supplied.)

These statutes were subsequently re-enacted without material change in the Code of 1907, and the constructions given them in the Campbell and Mayfield Cases, supra, were thereby impressed upon them.

The more recent case of Mills v. Court of Com'rs, 204 Ala. 40, 85 South. 564, is affected with the same error that underlay Wyker v. Francis, supra. There, as in the Wyker-Francis Case, the appeal was from a final judgment of the court, and was erroneously said to have been governed by Code, § 2843, instead, as was the fact, by Code, § 4866.

The pronouncement in Long v. Winona Coal Co., 206 Ala. 315, 89 South. 788, is affected, fundamentally, by the error pervading Wyker v. Francis, viz., a failure to discriminate between the appeal authorized by Code, § 2843 (where the judge, not the court, has acted), and the appeal authorized by Code, § 4866 (where the final judgment is rendered by the court)—the distinction taken in the Campbell and Mayfield Cases, supra—after. the deliverance of which, construing these statutes, they were readopted without material change in the Code of 1907. In the Long Case, supra, it was sought to distinguish the case then under review from the Campbell and Mayfield Cases, in which it was expressly ruled that an order "granting or denying rule nisi" was appealable under Code of 1896, § 431, now section 2843 of the Code of 1907, because of the terms of the judgment entered by the judge on presentation of the petition to him. The judge's judgment was there treated by the majority of the court as a mere summons, notwithstanding it directed an "alternative writ or rule nisi" to issue as prayed in the petition, and notwithstanding it "commanded" the judge of probate to "show cause" in the premises. The conclusion to dismiss that appeal seems to be based upon 26 Cyc. 472, and People, etc., v. O'Donnel, 99 App. Div. 253, 90 N. Y. Supp. 961, 26 Cyc. 502. The citation at page 472 of 26 Cyc. is not apt to the proposition to which it is cited, and does not support the pronouncement. The text of 26 Cyc. p. 502 (more accurately page 503) is predicated on the New York decisions there cited; People v. O'Donnell, supra, being one of them. It is evident from these decisions of the New York courts that that state had no statute like our Code, § 2843, under which, it was held in our Campbell and Mayfield Cases, supra, an appeal would lie from an order "granting or denying the rule nisi." In the absence of a similar statute the New York cases cited in note 61, p. 503, of 26 Cyc.,

were, of course, without any application to the question of dismissal presented in Long v. Winona Coal Co., supra. The judgment of the circuit judge in the Long Case, supra, copied in its statement, was a perfect "rule nisi" under our practice, and conformed to the definitions of rule nisi approved in 2 Bouvier's Dict. (Rawle's Rev.) p. 938, and 34 Cyc. p. 1820, among others.

The court's present reaffirmation of Mayfield v. Comrs., 148 Ala. 548, 41 South. 932, following Campbell's Case, supra, restores its authority.