319 So.2d 720

**STATE TENURE COMMISSION of the
State of Alabama**

v.

**ANNISTON CITY BOARD OF
EDUCATION.**

Civ. 579.

Court of Civil Appeals of Alabama.

Aug. 6, 1975.

William J. Baxley, Atty. Gen., and William A. Golinsky, Asst. Atty. Gen., for the State Tenure Commission of the State of Ala.

Merrill, Porch, Doster & Dillon, Anniston, for appellee.

HOLMES, Judge.

The Anniston City Board of Education did not renew the contract of a teacher employed in the city school system. The teacher appealed to the State Tenure Commission. The Tenure Commission made a decision from which the Anniston Board of Education filed a petition for mandamus in the Circuit Court of Calhoun County, and that court set aside the action of the Tenure Commission.

Thereupon, the State Tenure Commission appealed the decision of the circuit court to this court.

The appellee-Board of Education has filed in this court a motion to dismiss the appeal in that the appeal was not timely filed. This court has no alternative but to grant appellee's motion.

The record reveals that the judgment of the circuit court appealed from was rendered on March 11, 1975. The appeal was perfected on April 14, 1975, by the filing of the notice of appeal with the circuit clerk and the filing that same day by the Attorney General of this state of an election to make no bond securing the payment of costs.

The law is clear that there is a thirty day time limit on appeals from final judgments in proceedings for mandamus. See Tit. 7, § 1074, Code of Ala.1940; *Mayfield v. Court of County Commissioners,* 148 Ala. 548, 41 So. 932; *Ex parte Campbell,* 130 Ala. 171, 30 So. 385. A former attorney general, in a written opinion, stated that where a right is sought to be enforced by mandamus, the party having an adverse judgment has thirty days in which to appeal. Failing to do so within the time prescribed by statute the judgment of the court becomes final and effective. Quarterly Report of the Attorney General, July-September 1940, Vol. XX, p. 127.

It is equally clear that this court has no alternative but to dismiss the appeal. As our Presiding Judge Wright stated in *Mears v. Nail,* 54 Ala. 610, 311 So.2d 435:

"The time prescribed by statute for taking an appeal is jurisdictional. An appeal not timely taken will be dismissed on motion or ex mero motu."

The appeal in this instance, not being taken within thirty days as required by law, is due to be dismissed.

Appeal dismissed.

WRIGHT, P. J., and BRADLEY, J., concur.